# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1942

_____

United States of America,               *

                               *

         Appellee,             *

                               *   Appeal from the United States

      v.                    *   District Court for the District

                               *   of Nebraska.

Christopher Scott           *

and Johnny Ray Butler,      *

                               *

         Appellants.         *

_____

Submitted: March 17, 2000

Filed: July 7, 2000

_____

Before WOLLMAN, Chief Judge, and McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Christopher Scott and Johnny Ray Butler were found guilty of conspiring to distribute, or to possess with the intent to distribute, either cocaine or crack cocaine, *see* 21 U.S.C. § 841(a)(1), § 846, engaging in a continuing criminal enterprise (CCE), *see* 21 U.S.C. § 848, and money laundering, *see* 18 U.S.C. § 1956(a)(1). The trial

court[1] vacated each defendant's conspiracy conviction, finding it to be a lesser included offense of the CCE, *see Rutledge v. United States*, 517 U.S. 292, 300 (1996), and each of the defendants was sentenced to life imprisonment based on his CCE conviction.

We affirmed the defendants' convictions on direct appeal. *See United States v. Johnson*, 28 F.3d 1487 (8th Cir. 1994), *cert. denied*, 513 U.S. 1098, 1195 (1995). The defendants petitioned for post-conviction relief under 28 U.S.C. § 2255, which the district court denied. On appeal of that denial, the defendants challenge their CCE convictions, contending that their attorneys were ineffective for failing to make various arguments with respect to the jury instructions, and that the trial court erred with respect to the jury instructions.

I.

We first address the defendants' contention that their lawyers were ineffective for failing to request an instruction requiring that the jurors unanimously agree on each specific predicate drug offense used in support of the CCE conviction. In 1999, the Supreme Court held that to support a CCE conviction, a jury must agree unanimously not only that the defendant committed a series of related drug violations but also which particular violations constituted the series. *See United States v. Richardson*, 526 U.S. 813, 816, 824 (1999). At the time of trial (1992), and the defendants' direct appeal (1994), however, neither the Supreme Court nor our circuit had decided whether a jury in a CCE prosecution had to be instructed that the jurors must agree unanimously on which specific drug violations were the necessary predicates. Other circuits addressing the issue had reached differing conclusions. Compare *United States v. Canino*, 949 F.2d 928, 947-48 (7th Cir. 1991), *cert. denied*, 503 U.S. 996, 504 U.S. 910, 915 (1992), 525 U.S. 900 (1998) (instruction unnecessary), with *United States v. Echeverri*, 854 F.2d 638, 642-43 (3d Cir. 1988) (instruction required), and with *United*

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

*States v. Hernandez-Escarsega*, 886 F.2d 1560, 1572-73 (9th Cir. 1989), *cert. denied*, 497 U.S. 1003 (1990) ("better practice" is to give instruction, but harmless error under facts of case).

At trial, the court instructed the jury that to convict a defendant on the CCE charges, it must find, *inter alia*, that that defendant committed "a felony violation of the federal narcotics laws," *see* 21 U.S.C. § 848(c)(1), and that the violation "was part of a continuing series of related violations of the federal narcotics laws," *see* 21 U.S.C. § 848(c)(2); *see also United States v. Maull*, 806 F.2d 1340, 1342 (8th Cir. 1986), *cert. denied*, 480 U.S. 907 (1987). The instructions defined "a continuing series of violations" as "three or more violations of the federal narcotics laws which are in some way related to one another," *see United States v. Jones*, 801 F.2d 304, 307 (8th Cir. 1986).

To establish ineffective assistance of counsel, a defendant must prove both that his or her attorney's representation was deficient and that the deficient performance prejudiced the defendant's case. *See Strickland v. Washington*, 466 U.S. 668, 687, 692, 694, 700 (1984). We find that even assuming that each defendant's lawyer should have requested the specific unanimity instruction, neither defendant can prevail, because neither one of them has established prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694*; see also Williams v. Taylor*, 120 S. Ct. 1495, 1511-12 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *Strickland*, 466 U.S. at 694.

Here, the government offered testimony that the defendants recruited others to sell crack cocaine. In addition to evidence of an ongoing crack-distribution operation, testimony was presented that for at least a month during the summer of 1988, the defendants "fronted" crack cocaine to their recruits by delivering it to them an estimated three times per week at a house in Omaha. According to the testimony, the

defendants provided the recruits with at least two to three ounces of crack cocaine at a time, which was gone by the next day; the defendants provided more whenever it was needed; and on any given day a few hundred people would come to the crack house to purchase drugs from the defendants' recruits. One or the other of the defendants would "front" the drugs on each occasion. Testimony was also offered that two other conspirators would occasionally come to the house during the relevant period and pick up packages of crack cocaine from one of the defendants.

Thus there was evidence that the defendants regularly engaged in related illegal distributions of crack cocaine, *see* 21 U.S.C. § 841(a)(1), drug offenses that would support the CCE conviction, *see* 21 U.S.C. § 848(c)(2). The jury, having been instructed, *inter alia*, that the distribution of crack cocaine was a violation of the federal drug laws, unanimously found that the defendants engaged in a series of federal drug law violations. After carefully reviewing the record, we conclude that there is no reasonable probability that the jurors would have decided differently if they had been instructed that they must unanimously find three specific felony drug violations committed by the defendants, and thus we reject the defendants' first claim of ineffective assistance.

## II.

The defendants also contend that regardless of whether their attorneys were ineffective, the trial court deprived them of their sixth amendment right to a jury trial by failing to give an instruction requiring the jury to find unanimously each predicate drug violation used to support the CCE conviction. The defendants failed to raise this claim during the trial (or on direct appeal), and therefore they must establish cause and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). The defendants do not claim actual innocence but appear to contend that the novelty of the unanimity argument constitutes cause for failing to raise it.

Although a claim that " 'is so novel that its legal basis is not reasonably available to counsel' " may constitute cause for a procedural default, *id.*, quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984), at the time of the defendants' trial (and direct appeal), as noted above, other circuit courts facing the question of whether to require juror unanimity on the predicate drug violations had reached differing conclusions. At that time, our circuit had adopted the general rule that a specific unanimity instruction should be given if a genuine risk of juror confusion existed, *see United States v. Hiland*, 909 F.2d 1114, 1139-40 (8th Cir. 1990). Under the circumstances, therefore, we find that the law at the time of the defendants' trial (and direct appeal) offered a reasonable basis upon which to request a unanimity instruction as to the predicate drug offenses. We therefore conclude that the defendants have not established cause for their procedural default with respect to this argument.

III.

The defendants also contend that their attorneys were ineffective for failing to argue that the jury should have been instructed not to consider as a predicate drug offense any overt act of the alleged conspiracy involving the same conduct as several counts of the indictment that were dismissed for insufficient evidence. Although some overt acts from the dismissed counts were also alleged in the conspiracy count of the indictment, the defendants have failed to offer a basis for believing that the jury relied on those specific overt acts to convict on the CCE offense. We therefore conclude that the defendants have not shown that a reasonable probability exists that the outcome of the case was affected by their attorneys' failure to request an instruction with respect to overt acts in counts that were dismissed. *See Strickland*, 466 U.S. at 694.

IV.

We also reject the defendants' contention that their attorneys were ineffective for failing to argue that the jury should have been instructed that the alleged conspiracy could not be one of the predicate drug offenses supporting the CCE conviction. Initially, we note that although our court has not addressed the issue, at least eight

circuit courts have held that a related conspiracy may, in fact, be one of the series of predicate drug violations necessary for a CCE conviction. *See generally United States v. Hicks*, 945 F.2d 107, 108-09 (5th Cir. 1991) (*per curiam*). We need not reach the issue here, however, because we believe that a fair reading of the CCE instruction -- that it is a federal drug violation to distribute, or to possess with the intent to distribute, either cocaine or crack cocaine -- directed the jury to consider those crimes rather than the alleged conspiracy in determining whether a series of drug violations had occurred. Having carefully reviewed the record, we conclude that even if the jury had been told that it could not consider the alleged conspiracy as a predicate drug violation, there is no reasonable probability that "the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694.

Because we believe that the jury instructions effectively limited the jury's consideration of predicate acts to the distribution of, or the possession with the intent to distribute, either cocaine or crack cocaine, we also reject the defendants' argument that the instructions violated their due process rights by allowing the jury to base its verdict on other offenses, such as money laundering, *see* 18 U.S.C. § 1956(a)(1), that are not proper predicate violations for a CCE conviction, *see* 21 U.S.C. § 848(c)(2).

V.

Accordingly, we affirm the judgment of the district court.

We also grant the defendants' motion to supplement the record with the memoranda of law proffered to the district court in April, 1997.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.