**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD J. CESTNIK,

Defendant-Appellant.

No. 99-8099
(D.C. No. 97-CV-1026-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant was convicted on several counts of drug, money-laundering, and

firearms charges, and one count of conducting a continuing criminal enterprise

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(CCE). His convictions were affirmed on appeal. He now appeals the district court's denial of his motion to vacate his conviction and sentence, filed pursuant to 28 U.S.C. § 2255. The district court granted defendant a certificate of appealability on all issues raised in his motion. *See* 28 U.S.C. § 2253(c). Although we do not reach the merits of the issues raised in this appeal, we affirm the district court's denial of the § 2255 motion on a procedural basis.

First, defendant claims that his conviction and sentence should be vacated because the district court did not instruct the jury that it must agree unanimously on which three drug violations constituted the "'continuing series of violations'" necessary for a CCE conviction. *Richardson v. United States*, 526 U.S. 813, 815-16 (1999) (quoting 21 U.S.C. § 848(a) and holding that "unanimity in respect to each individual violation is necessary"). *Richardson* was decided after defendant's trial, and so part and parcel to defendant's argument is that the holding in *Richardson* is retroactive. The district court's denial of relief on this issue was based on its conclusion that *Richardson* did not apply retroactively to cases on collateral review. We do not affirm the district court's holding on the merits of this retroactivity issue. Instead, we specifically decline to reach the merits of this issue because we dispose of it on procedural grounds. [1]

_____

[1] We note, however, that the government has conceded on appeal that the district court incorrectly concluded that the *Richardson* holding was not

(continued...)

-2-

Defendant neither requested a unanimity instruction nor objected to its absence, nor did he raise this issue on direct appeal. Consequently, he is procedurally barred from raising it in his § 2255 motion, unless he can show cause and prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982); *Hines v. United States*, 971 F.2d 506, 507-08 (10th Cir. 1992). "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167-68; *see also Hines*, 971 F.2d at 507-08 (holding *Frady* standard "applies if a § 2255 movant has failed to raise an issue on direct appeal, regardless of whether the movant made a contemporaneous objection to the alleged error at trial"). "[I]f the government fails to raise *Frady*'s procedural bar until the appellate level, it is not entitled to disposition on those grounds." *United States v. Talk,* 158 F.3d 1064, 1067

---

[1](...continued)
retroactive to cases on collateral review. Appellee's Br. at 14-15. Further, we note that every circuit court that has addressed the issue has held that, because *Richardson* announced a new rule of substantive law (as opposed to announcing a new rule of criminal procedure), *Teague v. Lane*, 489 U.S. 288 (1989), does not bar application of the *Richardson* holding to cases on collateral review. *Lanier v. United States,* 220 F.3d 833, 838 (7th Cir.), *cert. denied*, 121 S. Ct. 312 (2000); *Murr v. United States*, 200 F.3d 895, 905-06 (6th Cir. 2000); *see United States v. Scott*, 218 F.3d 835, 838 (8th Cir.) (assuming retroactive application without discussion), *cert. denied*, 121 S. Ct. 500 (2000).

(10th Cir. 1998). In this case, despite the government's failure to raise the defense of procedural bar before this appeal, we exercise our discretion to address the procedural issue because "doing so will further the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *Id.* (quotation omitted). [2]

Turning to the cause and prejudice determination, contrary to defendant's assertion, the timing of the Supreme Court's decision in *Richardson* is not cause for his procedural default. The idea that a jury must unanimously agree on which drug violations constituted the continuing series of violations for purposes of a CCE conviction was neither novel nor unavailable to plaintiff at his trial or on appeal and, thus, does not constitute cause for his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). In fact, at least one circuit had held that such an instruction was required. *United States v. Echeverri*, 854 F.2d 638, 642 (3d Cir. 1988). Consequently, defendant's *Richardson* claim is procedurally barred because he has not shown cause for failing to raise it at trial or on direct review.

The second issue defendant raises in this appeal is that his conviction violated the constitutional prohibition against double jeopardy. As with the

---

[2] We note that, although the government did not raise the procedural bar defense before the district court, it did brief the issue on appeal and defendant responded to the issue in his reply brief.

*Richardson* issue, defendant did not raise his double jeopardy arguments on direct appeal. Again, the government did not raise the procedural bar defense to the district court. Nonetheless, as with the *Richardson* issue, we consider the procedural argument for the first time on appeal because to do so will "further the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *Talk*, 158 F.3d at 1067. [3] Because defendant offers no cause for failing to raise the double jeopardy issues on direct appeal, they are also procedurally barred.

Finally, defendant argues that he was entitled to an evidentiary hearing on the *Richardson* issue. Because that issue is procedurally barred, defendant is not entitled to an evidentiary hearing.

To reiterate, we hold that defendant's arguments are procedurally barred, and we do not reach the merits of the issues on appeal. Instead, we AFFIRM the

district court's judgment on the basis of procedural bar.

Entered for the Court

---

[3]    Again, we note that defendant was given an opportunity to respond to the procedural argument and, in fact, did respond with respect to the *Richardson* issue in his reply brief.

Michael R. Murphy
Circuit Judge