Ernest J. BENEVENTO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 96 Civ. 7311(JSR).

United States District Court, S.D. New York.

Jan. 19, 2000.

---

Alvin Entin, for Petitioner.

Jane A. Levine, New York City, for Respondent.

## MEMORANDUM ORDER

RAKOFF, District Judge.

So-called "drug kingpins" are subject to the Continuing Criminal Enterprise ("CCE") statute, 21 U.S.C. § 848, a complicated law that provides greatly enhanced punishment for a defendant who commits a narcotics felony that is part of a continuing "series of [such] violations" that the defendant committed in concert with five or more other persons whom he organized, supervised, or managed and from which he obtained substantial income or resources. 21 U.S.C. § 848(c). This past year, in *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), the Supreme Court held that a jury considering a CCE charge, in order to convict, must not only find (among other things) that the defendant committed a "series of violations" but must also unanimously agree on which particular violations he committed. Thus, if the Government charges that the defendant committed numerous related narcotics violations, it is not enough for each juror to find that the defendant committed a sufficient number of those violations (typically three) to constitute a "series" unless all jurors are unanimously agreed as to which particular underlying violations are involved.

This Court now holds that the rule of *Richardson* is retroactive and that it was error for the district court in the underlying case that is the subject of the instant collateral attack to fail to instruct the jury that they must be unanimous as to each underlying violation constituting the requisite series of violations. Nonetheless, the Court finds that the error here was harmless and that petitioner's motion to vacate his sentence must therefore be denied.

By way of background, on February 10, 1987, following a four-week trial before

United States District Judge Edward Weinfeld and a jury, petitioner was convicted of various offenses, including a CCE charge and a narcotics conspiracy charge, arising out of his supervision of a large-scale heroin distribution ring. Petitioner appealed to the Second Circuit on numerous grounds, including that the trial court erred in separately sentencing him on the CCE and conspiracy charges. The Court of Appeals, while otherwise affirming petitioner's conviction, remanded for resentencing on the ground that in this case the narcotics conspiracy charge was a lesser included offense of the CCE charge and that, accordingly, petitioner should not have been sentenced on both these charges. *See United States v. Benevento*, 836 F.2d 60, 73 (2d Cir.1987), *cert. denied*, 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988). On remand, petitioner was resentenced to 25 years on the CCE charge.

In 1996, petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate his sentence on numerous grounds. The Honorable Barbara Jones, United States District Judge, to whom the case was then assigned, referred the matter to the Honorable Theodore H. Katz, United States Magistrate Judge. On July 12, 1999, Judge Katz filed a 66-page Report and Recommendation (the "Report") that carefully analyzed each of petitioner's arguments and recommended that this Court, to whom the case had subsequently been reassigned, deny the petition in all respects. Petitioner timely filed objections, and this Court thereupon considered *de novo* each of the points raised by petitioner in his objections. Having done so, the Court finds itself in agreement with Judge Katz's Report in all but one respect, detailed below, and consequently adopts by reference the findings and conclusions of the Report in all other respects.

The one respect relates to the question of whether, if the rule of *Richardson* is retroactive, petitioner was denied due process, since Judge Weinfeld, while charging the jury that they must unanimously agree as to each element of the CCE violation in order to convict, treated "series of violations" as a single element of the offense and therefore did not expressly instruct the jury that they must be unanimously agreed as to each predicate violation that they found constituted the "series." Judge Katz, while recognizing this due process issue, did not directly decide it, *see* Report at 54–55 n. 21, focusing instead on petitioner's own argument that the failure of his counsel to raise the issue either at trial or on appeal constituted ineffective assistance of counsel. Judge Katz properly rejected this latter argument, for reasons that the Court finds altogether convincing and which it here adopts by reference. But if *Richardson* is retroactive in application, the standard to be applied in determining whether petitioner's CCE sentence must be vacated as a matter of due process is different from the standard applied by Judge Katz to the ineffective assistance argument, and hence the issue of retroactivity must be reached.

■ That issue turns on the familiar but often perplexing distinction between "substance" and "procedure." If the rule announced in *Richardson* is "procedural," it is not to be given retroactive application except in very limited circumstances not present here. *See Teague v. Lane*, 489 U.S. 288, 310–11, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). If, by contrast, the rule of *Richardson* is "substantive," it is ordinarily to be given retroactive application, *see, e.g., Bilzerian v. United States*, 127 F.3d 237, 242 (2d Cir.1997), *cert. denied* —— U.S. ——, 119 S.Ct. 2365, 144 L.Ed.2d 770 (1999), and is thereby open to collateral review, *see Davis v. United States*, 417 U.S. 333, 346–47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (collateral review available if a new decision announces that a prisoner was convicted "for an act that the law does not make criminal").

If *Richardson*, for example, had announced that an element of a CCE charge previously determined by the court was

now to be determined by the jury, such a decision would not be "substantive" in nature. *See Bilzerian*, 127 F.3d at 240; *United States v.. Shunk*, 113 F.3d 31, 35 (5th Cir.1997). Instead, however, *Richardson* explicitly redefines the substance of a CCE violation by redefining its elements. Thus, the Court stated the issue to be decided in *Richardson* as follows: "In this case, we must decide whether the statute's phrase 'series of violations' refers to one element, namely a 'series,' in respect to which the 'violations' constitute the underlying brute facts or means, or whether those words create several elements, namely the several 'violations,' in respect to each of which the jury must agree unanimously and separately." 119 S.Ct. at 1710. In choosing the latter alternative and thereby redefining the elements of a CCE violation, *Richardson* announces a substantive change in criminal law and therefore applies retroactively. *See Bilzerian*, 127 F.3d at 242; *Ianniello v. United States*, 10 F.3d 59, 62–63 (2d Cir.1993); *Ching Yu v. United States*, 1998 WL 160964, at *3–4 (S.D.N.Y. Apr. 7, 1998).

 It is elementary that a jury must be instructed as to each element of a criminal charge and as to the requirement that it be unanimous as to each such element. Here, though the district court instructed the jury that they must be unanimous as to each element, it failed to instruct the jury that each predicate violation of the CCE "series" was a separate element. Given the retroactivity of *Richardson*, this was error. But it was harmless error unless, at a minimum, there is a realistic possibility that the jurors were not unanimously agreed on the minimum three predicate violations necessary to constitute that "series." *See generally O'Neal v. McAninch*, 513 U.S. 432, 445, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995); *Peck v. United States*, 106 F.3d 450, 454 (2d Cir.1997). Here, however, the jury, in convicting the defendant on all the other six counts of which he was charged, necessarily agreed unanimously that the defendant had com-

mitted each of three (or more) specific offenses that constituted a series of related predicate violations sufficient to support the CCE charge.

First, petitioner's conviction on Count I—a broad based conspiracy to distribute heroin—was identical to one of the predicate violations charged in the CCE count. Second, in their special verdict rendered on the RICO Count (Count IV), the jury unanimously found that petitioner was guilty of RICO Predicate Act Two, a conspiracy to import morphine base that, again, was also one of the specified CCE predicate violations. Third, as detailed in the Report at 60–64, the jury, on the particular proof presented to them in this case, could not have convicted petitioner of certain other counts, such as obtaining property and deriving profits from the importation, distribution and sale of narcotics (Count VII), unless they necessarily also found that the petitioner, in addition to the aforementioned conspiracies, was also guilty of substantive acts of importing morphine and distributing heroin. These substantive crimes, while not charged in the indictment as predicate acts to the CCE count, were argued as such to the jury and, as the district court properly instructed the jury, could be considered by them for this purpose. *See United States v. Young*, 745 F.2d 733, 747 (2d Cir.1984), *cert. denied sub nom. Myers v. United States*, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985); *United States v. Sperling*, 506 F.2d 1323, 1344 (2d Cir.1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975); *see also United States v. Jackson*, 935 F.2d 832, 841 (7th Cir. 1991).

Accordingly, it is certain that the jury, in finding petitioner guilty on the CCE count, agreed unanimously on at least three specific and related predicate violations on which to base its unanimous conclusion that petitioner committed a "series" of such violations. Therefore, while it was technically error, in light of the retroactive effect of *Richardson*, for the trial

court to fail to instruct the jury that each of these violations was a separate element on which they must be unanimous, such failure was entirely harmless error for the jury here necessarily found what such an instruction would have required.

Accordingly, for the reasons stated here and in Judge Katz's Report, the petition is denied. Clerk to enter judgment.

SO ORDERED.