**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arturo LOPEZ, Defendant–Appellant.**

No. 99–31282.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2000.

Cristina Walker, Asst. U.S. Atty., Shreveport, LA, for Plaintiff–Appellee.

Arturo Lopez, Oklahoma City, OK, pro se.

Before REYNALDO G. GARZA, STEWART and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Arturo Lopez ("Lopez") appeals from an order by the district court denying his 28

U.S.C. § 2255 (2000) ("Section or § 2255") motion to vacate, set aside, or correct his sentence of 300 months' imprisonment and five years' supervised release stemming from convictions for engaging in a continuing criminal enterprise and seventeen counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1) and § 848. Because we find that the district court did not err in denying Lopez's § 2255 motion, we affirm the ruling.

### FACTUAL & PROCEDURAL HISTORY

 Lopez was convicted by a jury for engaging in a continuing criminal enterprise ("CCE") on May 4, 1994. Lopez's conviction became final after this Court affirmed his conviction and sentence on direct appeal on November 21, 1995. On August 26, 1999, Lopez filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255,[1] arguing that his sentence for engaging in a CCE was void because of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). *Richardson* was decided by the United States Supreme Court on June 1, 1999, and held that a jury must be instructed to reach a unanimous verdict on each of the specific violations that comprise the alleged "continuing series of violations" charged in the indictment.[2] 21 U.S.C. § 848(a).

The district court denied Lopez's § 2255 motion because it determined that the motion was untimely. It found that Lopez

failed to demonstrate that *Richardson* had been made retroactively applicable to cases on collateral review by the Supreme Court.[3] The district court, however, granted him a certificate of appealability to appeal the denial of the § 2255 motion because it determined that Lopez made a substantial showing that the issue of the retroactivity of *Richardson* constituted the denial of a constitutional right. Lopez now appeals the denial of the motion.

### DISCUSSION

 Section 2255(3) plainly states that defendants have a one-year limitation period to apply for a § 2255 motion that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ..." 28 U.S.C. § 2255(3).[4] We agree with the district court's determination that there is no Supreme Court precedent that makes *Richardson* retroactively applicable to cases on collateral review. Similarly, there is no Fifth Circuit precedent that states this proposition. Therefore, the district court did not err in determining that Lopez's § 2255 motion was untimely.

### CONCLUSION

Because we find that the jury unanimity requirement decreed in *Richardson* is not retroactive, we AFFIRM the district

1. Lopez's § 2255 motion is therefore barred on its face because he filed it more than one year after April 24, 1996, the effective date of AEDPA. *See United States v. Flores,* 135 F.3d 1000, 1004–05 (5th Cir.1998), *cert. denied,* 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) (stating that one year, commencing on April 24, 1996, presumptively constitutes a reasonable time within which to file for relief under § 2255).

2. A "series of violations" generally constitutes three or more violations of the federal narcotics laws. *United States v. Brown,* 202 F.3d 691, 699 (4th Cir.2000). Moreover, the defendant must have committed these violations

"in concert with five or more other persons whom he organized, supervised, or managed and from which [sic] he obtained substantial income or resources." *Benevento v. United States,* 81 F.Supp.2d 490 (S.D.N.Y.2000).

3. The district court also determined that Lopez's claim was procedurally barred because he had failed to show prejudice and that the improper jury instructions did not constitute plain error.

4. We, therefore, decline to reach the other bases of the district court's holding. *See supra* note 3.

court's order denying Lopez's § 2255 motion to vacate, set aside, or correct his sentence.

AFFIRMED.