**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-31282

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

versus

ARTURO LOPEZ,

Defendant-Appellant,

Appeal from the United States District Court
for the Western District of Louisiana

April 16, 2001

Before REYNALDO G. GARZA, STEWART, and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The panel's opinion filed December 5, 2000, published at 233 F.3d 884 (5th Cir. 2000), is withdrawn and the following opinion is substituted therefor.

Arturo Lopez ("Lopez") appeals from an order by the district court denying his 28 U.S.C. § 2255 (2000) ("Section 2255" or "§ 2255") motion to vacate, set aside, or correct his sentence of 300 months' imprisonment and five years' supervised release stemming from convictions for engaging in a continuing criminal enterprise and seventeen counts of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1) and § 848. Because we find that the district court did not err in denying Lopez's § 2255 motion, we affirm the ruling.

FACTUAL & PROCEDURAL HISTORY

Lopez was convicted by a jury for engaging in a continuing criminal enterprise ("CCE") on May 4, 1994.  Lopez's conviction became final after this Court affirmed his conviction and sentence on direct appeal on November 21, 1995.   On August 26, 1999, Lopez filed a motion to vacate, set aside, or correct his sentence pursuant to § 2255,[1] arguing that his sentence for engaging in a CCE was void because of Richardson v. United States, 526 U. S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999).   Richardson was decided by the United States Supreme Court on June 1, 1999, and held that a jury must be instructed to reach a unanimous verdict on each of the specific violations that comprise the alleged "continuing series of violations" charged in the indictment.[2]  21 U.S.C. § 848(a).

The district court denied Lopez's § 2255 motion because it determined that the motion was untimely.  It found that Lopez failed to demonstrate that Richardson had been made retroactively applicable to cases on collateral review by the Supreme Court.  The district court, however, granted him a certificate of appealability to appeal the denial of the § 2255 motion because it determined that Lopez made a substantial showing that the issue of the retroactivity of Richardson constituted the denial of a constitutional right under § 2255(3). Lopez now appeals the denial of the motion.

---

[1] Lopez's § 2255 motion is therefore barred on its face because he filed it more than one year after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See United States v. Flores, 135 F.3d 1000, 1004-05 (5th Cir. 1998), cert. denied, 525 U.S. 1091, 119 S.Ct. 846, 142 L. Ed. 2d 700 (1999) (stating that one year, commencing on April 24, 1996, presumptively constitutes a reasonable time within which to file for relief under § 2255).  However, this appeal concerns the timeliness of Lopez's motion under subsection (3) of § 2255.

[2] A "series of violations" generally constitutes three or more violations of the federal narcotics laws.  United States v. Brown, 202 F.3d 691, 699 (4th Cir. 2000).  Moreover, the defendant must have committed these violations "in concert with five or more other persons whom he organized, supervised, or managed and from which [sic] he obtained substantial income or resources." Benevento v. United States, 81 F. Supp. 2d 490 (S.D.N.Y. 2000).

2

Section 2255(3) states that defendants have a one-year limitation period to file a § 2255 motion that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . ." 28 U.S.C. § 2255(3).  Therefore, in order to consider the threshold question of whether Lopez's motion was timely filed, we must look at the three aspects of § 2255(3) as it relates to the instant case: 1) whether Richardson creates a "newly recognized" right; 2) that is retroactive on collateral review; and 3) that triggers the one-year statute of limitations on the date that Richardson was "initially recognized."  See id.

I.      A "Newly Recognized" Right

Considering the first aspect of § 2255(3), we find that the holding in Richardson regarding jury unanimity instructions creates a new statutory right for purposes of this statute.  This interpretation conforms with the structure of other AEDPA provisions, given that § 2244(d)(1), which deals with a one-year statute of limitations for state prisoners filing § 2254 habeas petitions, contains language identical to that of § 2255(3), with the exception that the phrase "constitutional right" appears instead of the word "right."  Moreover, other AEDPA provisions that refer to retroactivity on collateral review incorporate the phrase "a new rule of constitutional law."  See, e.g., § 2244(b)(2)(A); § 2254(e)(2)(A)(i); § 2255 (last paragraph).  Given that Congress specifically limited the types of rights or rules within both § 2255 and elsewhere in AEDPA, it is reasonable to conclude that the omission of "constitutional" as a modifier for "right" in § 2255(3) was intentional, and hence, this section comprehends statutory rights as well.

Similarly, our sister circuits that have specifically addressed the definition of "right" in § 2255(3) have also concluded that the term includes statutory rights. See, e.g., United States v. Lloyd, 188 F.3d 184, 187 (3d Cir. 1999) (holding that although Bailey v. United States, 516 U.S. 137 (1995),[3] was a case involving statutory interpretation, the petitioner had timely filed under § 2255(3) and stating "[t]hat the right is founded on statutory interpretation rather than on a new rule of constitutional law is of no moment for purposes of the limitation period under § 2255"); United States v. Valdez 195 F.3d 544, 546 (9th Cir. 1999) (relying on the "plain language" of § 2255(3) itself and on the existence of the adjective "constitutional" in an analogous limitations provision for state prisoners, § 2244(d)(1)(C)); Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (stating that "[i]n Bailey, the Supreme Court recognized . . . a new right within the meaning of section 2255(3)") (citing Lloyd and Valdez). Although the government concedes that other circuits have found § 2255(3) to encompass rights resulting from statutory interpretation, it nonetheless argues that Richardson fails to establish such a right by noting that the Lloyd and Valdez courts did not address whether the right in § 2255(3) had to be "newly recognized." We, however, agree with Haugh's implicit endorsement regarding Bailey that the phrase "newly recognized" indicates that the Supreme Court officially acknowledges the appropriate statutory meaning. Haugh, 210 F.3d at 1149 (stating that "[i]n Bailey, the Supreme Court recognized for the first time . . . [the non-criminal feature of] conduct that had previously supported a conviction in virtually every circuit, thus recognizing a new right within the meaning of section 2255(3)") (emphasis added). Moreover, the government's

---

[3] Bailey interpreted the "use" of a firearm in 18 U.S.C. § 924(c)(1) to mean the "active employment of the firearm." 516 U.S. at 144.

argument would result in all statutory rights being "non-new" rights, an approach that is inconsistent with Congress's desire not to limit § 2255(3) strictly to constitutional rights.

II.     The Retroactivity of Richardson Under § 2255(3)

The district court expressly held that Richardson was not retroactively applicable to cases on collateral review because there is no Supreme Court case that makes it retroactive. We find that the district court erred in this determination for several reasons.

The relevant portion of § 2255(3) states that the "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). We first find that the district court erred when it read a "by the Supreme Court" limitation in the clause because the structure of the statute does not lend itself to such an interpretation. See, e.g., Bailey, 516 U.S. at 145 (1995) ("The meaning of statutory language, plain or not, depends on context." (internal quotations and citation omitted)); K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291 (1988) (stating that assessment of plain meaning must also depend on the "language and design of the statute as a whole"). In § 2255 itself and in other AEDPA provisions, Congress has provided this limitation by placing the phrase "by the Supreme Court" immediately subsequent to the retroactivity language. For instance, the final paragraph of § 2255 states that one of two methods by which a petitioner can base a second or successive § 2255 motion is a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (emphasis added). Identical language also appears in § 2244 (b)(2)(A), which involves second or successive habeas corpus petitions under § 2254, and in § 2254(e)(2)(A)(i), which refers to when a federal court may hold an evidentiary hearing on a state prisoner's § 2254 petition. Had Congress desired to limit § 2255(3)'s retroactivity requirement, it

5

would have similarly placed a "by the Supreme Court" limitation immediately after the phrase "made retroactively applicable to cases on collateral review" in § 2255(3).[4]  Thus, we hold that § 2255(3) does not require that the retroactivity determination must be made by the Supreme Court itself.  We then conduct this retroactivity analysis and hold that Richardson is retroactively applicable on collateral review.

We similarly agree with our sister circuits and hold that Richardson is generally retroactively applicable on collateral review.  See, e.g., Murr v. United States, 200 F.3d 895, 906 (6th Cir. 2000) (stating that "in light of Bousley,[5] Richardson applies retroactively" on collateral review); Lanier v. United States, 220 F.3d 833, 838 (7th Cir. 2000) (reaching a similar conclusion with respect to the retroactivity of Richardson).  The Supreme Court in Richardson conducted a routine analysis of 21 U.S.C. § 848(a), the CCE statute at issue in the case, in interpreting the phrase "continuing series of violations."  See 526 U.S. at 818 (stating that the first step "when interpreting a statute" is to look at the statutory language).  The government argues that Teague v. Lane, 489 U.S. 288 (1989), which bars the retroactive use of "new constitutional rules of criminal procedure," controls this case.  Id. at 310.  We find, however, that Teague is inapplicable, because Richardson consisted of the Supreme

---

[4] The district court relied on In re Smith to hold that Richardson is not retroactive on collateral review.  142 F.3d 832, 835 (5th Cir. 1998) (stating that the Supreme Court declares collateral availability of a new rule of constitutional law either explicitly or by applying the rule in a collateral proceeding).  We find, however, that Richardson may be distinguished for two reasons.  First, Smith involved new rules of constitutional law and second or successive motions under § 2254, in which Congress specifically placed the phrase "by the Supreme Court" subsequent to the retroactivity limitation.  See § 2244(b)(2)(A) ("claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" (emphasis added)).  Lopez, on the other hand, concerns the substantive reach of a federal statute and the timeliness of a first § 2255 motion under § 2255(3) that does not contain a similar limitation by the Supreme Court on retroactivity.

[5] Bousley v. United States, 523 U.S. 614 (1998).

Court's interpretation of a statute and is therefore retroactively available on collateral review. See Bousley, 523 U.S. at 620 (stating that Teague "is inapplicable to a situation in which [the Supreme] Court decides the meaning of a criminal statute enacted by Congress"). Therefore, the retroactivity prong of § 2255(3) is satisfied in this case.

Our precedent moreover supports this view. For example, in United States v. McPhail, we described the decision by the Supreme Court in Bailey as "[explaining] what conduct is, and always has been, criminalized by the statute" and that it was "a substantive, non-constitutional decision concerning the reach of a federal statute." 112 F.3d 197, 199 (5ᵗʰ Cir. 1997) (emphasis added). We held that "[b]ecause Bailey does not present a new rule of criminal procedure, and . . . does not implicate the retroactivity analysis set forth in Teague v. Lane, 489 U.S. 288 (1989), it applies retroactively to cases on collateral review." Id. (citing, inter alia, Davis v. United States, 417 U.S. 333, 341-47 (1974)); see also Reyes-Requena v. United States, No. 99-41254, 2001 U.S.App. LEXIS 2891, at *20 (5ᵗʰ Cir. Apr. 6, 2001) (agreeing with McPhail that Bailey applies retroactively on collateral review because it does not implicate the Teague analysis).

III.     The Initial Recognition of Richardson under § 2255(3)

A third inquiry is whether Lopez's motion is barred by the one-year limitations period under § 2255(3). Section 2255(3) notes that the limitations period runs for one year from "the date on which the right asserted was initially recognized by the Supreme Court." Our sister circuits have split on this issue. See, e.g., In re Vial, 115 F.3d 1192, 1197 n.9 (4ᵗʰ Cir. 1997) (en banc) (interpreting the initial recognition of the right in § 2255(3) to be the date the Supreme Court rules on the collateral availability of the rule). But see Triestman v. United States, 124 F.3d 361, 371 & n.13 (2d

7

Cir. 1997) (stating in dicta that the Supreme Court speaks to the right at issue, rather than from the date on which it addresses the retroactive collateral availability of that right).

We find that the better interpretation of when a right is initially recognized is one that commences the limitations period on the date the Supreme Court acknowledges the right. The portion of § 2255(3) that triggers this limitations period contains the phrase "right asserted." Subsequently, "that right" is limited by the retroactivity requirement. Therefore, the retroactivity on collateral review aspect is not contained within the term "right."

This interpretation is also more persuasive, given the possibility of a situation in which the Court never states that the right is retroactively applicable on collateral review because either the circuits are in agreement or because it declines to grant certiorari. If the right were to stem from the Court's interpretation of a federal statute, it would then be retroactively applicable on collateral review.[6] However, under the second interpretation, the limitations period would never be triggered, and any petitioner's out-of-time motion would be timely, a likely unintended consequence by Congress. Thus, because Lopez filed his § 2255 motion on August 26, 1999, within one year of the Court's June 1, 1999, Richardson decision, his motion is timely under § 2255(3).

IV.     Procedural Default

Lopez procedurally defaulted his claim by failing to raise it on direct review. As such, the claim may be raised in habeas proceedings only if he is able to demonstrate cause and prejudice. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998) (stating that "review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and

---

[6] See supra Part II of the discussion.

8

prejudice"). The district court likewise determined that Lopez's claim was procedurally barred because he had failed to show cause and prejudice. We find no prejudice because the lack of a Richardson instruction did not so infect "the entire trial that the resulting conviction violat[ed] due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). Nevertheless, even if a defendant cannot establish cause and prejudice, pursuant to a narrow exception, he may be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. See Bousley, 523 U.S. at 620-21 (outlining such a miscarriage of justice where, for example, a defendant was convicted of "'an act that the law does not make criminal'") (citing Davis v. United States, 417 U.S. 333, 346 (1974)). We, however, find no such miscarriage of justice here, given the clear evidence of Lopez's guilt.

## CONCLUSION

Because we find that Lopez's claim is procedurally barred, we AFFIRM the district court's order denying Lopez's § 2255 motion to vacate, set aside, or correct his sentence.

AFFIRMED.

9