IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30461
Summary Calendar
_____

LEMUEL LOCKETT,

Petitioner-Appellant,

versus

ED C. DAY, JR.,
Warden

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3030-D
- - - - - - - - - -
June 20, 2001

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lemuel Lockett, Louisiana prisoner # 81144, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period. Lockett's conviction became final in 1991. The district court concluded that the deadline for filing a timely petition was November 6, 1997. Lockett filed his § 2254 petition on October 18, 1999. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted a certificate of appealability (COA) on the time-bar issue.

On appeal, Lockett argues that (1) the application of the limitations period violates the First Amendment's Redress of Grievances Clause and abridged his right to file a state petition for habeas corpus relief pursuant to La. Code of Crim. Proc. art. 930.8; (2) his state habeas petition filed on July 11, 1998, tolled the limitations period; (3) the time for filing a timely § 2254 petition should run from April 3, 1998, the date that this court issued its decision in *Humphrey v. Cain*, 138 F.3d 552 (1998); and (4) the trial court gave an unconstitutional reasonable-doubt jury instruction in light of *Cage v. Louisiana*, 498 U.S. 39 (1990), and *Sullivan v. Louisiana*, 508 U.S. 275 (1993).

Lockett's fourth issue does not address directly the timeliness issue for which the district court granted a COA. As such, it is not before this court on appeal. *See United States v. Kimler*, 150 F.3d 429, 430 (5th Cir. 1998).

Lockett has failed to demonstrate that the AEDPA's limitations period is unconstitutional in the context of the First Amendment right to petition the government. The district court's application of the limitations period did not hinder Lockett's ability to file a state habeas petition. Nor did the fact that Lockett filed a timely state petition under article 930.8 take precedence over the AEDPA's limitations period. *See In re Davis*, 170 F.3d 475, 481 (5th Cir. 1999)(under Supremacy Clause, Congress may override state law); *Cantu-Tzin v. Johnson*,

162 F.3d 295, 298 (5th Cir. 1998)(noting the AEDPA limitations period was enacted to "bring regularity and finality to federal habeas proceedings); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(explaining that AEDPA "evinces a congressional intent to impose a one-year statute of limitations for the filing of federal habeas claims by state prisoners").  Lockett filed his second state application on July 11, 1998, well beyond the deadline for filing a timely § 2254 petition; therefore, it did not toll the limitations period.

Lockett's reliance on *Humphrey* is misplaced.  The AEDPA's limitations period commences from the date the Supreme Court acknowledges the constitutional right that is being asserted. *See United States v. Lopez*, 2001 WL 388092, *4 (5th Cir. April 16, 2001)(§ 2255 case).  *Cage* was decided in 1990 and *Sullivan* was decided in 1993.  Even with the benefit of the AEDPA's grace period, Lockett failed to file his petition within the one-year limitations period.  The district court properly dismissed Lockett's October 18, 1999, petition as time-barred. Accordingly, the district court's judgment is AFFIRMED.