**Kwok Ching YU, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 99 CIV. 10272(RWS).**

United States District Court,
S.D. New York.

Jan. 28, 2002.

Linda S. Sheffield, Esq., Atlanta, GA, for Petitioner.

James B. Comey, United States Attorney for the Southern District of New York by David C. Esseks, Esq., Assistant U.S. Attorney, New York City, for Respondent.

## OPINION

SWEET, District Judge.

Kwok Ching Yu ("Yu") has petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3), contending that under *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), his conviction after trial of engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(a) ("CCE"), was flawed because the jury was not instructed that it had to unanimously agree on the components of the "continuing series violations" that constituted the continuing criminal enterprise. The Government opposes the petition. For the reasons set forth below, Yu's petition is denied.

### Prior Proceedings

The facts and prior proceedings in this action are fully set forth in prior opinions of this Court and the Court of Appeals, familiarity with which is presumed. *See United States v. Yu*, 1994 WL 579308, 41 F.3d 1501 (1994); *Yu v. United States*, No. 99 Civ. 10272(RWS), 2000 WL 1844763 (S.D.N.Y. Dec. 15, 2000); *Kwok Ching Yu v. United States*, No. 97 Civ. 2816(RWS), 1998 WL 160964 (S.D.N.Y. Apr. 7, 1998); *United States v. Yu*, 902 F.Supp. 464 (S.D.N.Y.1995).

On December 4, 1990, an indictment was filed against Yu and three other co-defendants: Davies Yu ("Davies"), Simon Lai ("Lai"), and Moni Chan ("Chan"). Count One charged Yu and his three co-defendants with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. Count Two charged all defendants with conspiracy to import heroin in violation of 21 U.S.C. § 963. Count Five charged Yu with conducting a continuing criminal enterprise (CCE), in violation of 21 U.S.C. §§ 848(a), (b). Counts Six and Eight charged Yu and his co-defendants with importing heroin on two separate occasions, in violation of 21 U.S.C. §§ 812, 952, 960(a)(1), 960(b)(1)(A), and 18 U.S.C. § 2. Counts Seven and Nine charged Yu and certain of his co-defendants with distributing heroin on two separate occasions, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a) and 18 U.S.C. § 2.[1]

---

**1.** Counts Three and Four of the Indictment charged only co-defendants Davies and Lai. Each pleaded guilty to engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), pursuant to cooperation agreements with the Government. Similarly, Chan pleaded guilty to conspiracy to import heroin, in violation of 21 U.S.C. § 963, pursu-

Yu was tried on the indictment in April 1992. The jury deadlocked near the end of the third week of the trial, resulting in a mistrial. Yu's second trial, ending on December 15, 1992, resulted in his conviction on all counts. Because of the large quantity of heroin involved, Yu was sentenced on December 3, 1993 to mandatory life imprisonment, to be followed by five years of supervised release, and mandatory special assessments totaling $350.

Yu appealed his conviction on grounds including ineffective assistance of trial counsel, insufficient evidence, and prosecutorial misconduct. The Second Circuit affirmed his convictions in a summary order dated September 20, 1994. *United States v. Yu,* 1994 WL 579308, at *5, 41 F.3d 1501 (2d Cir.1994). On December 21, 1994, the Court of Appeals denied Yu's Petition for Rehearing and Suggestion for Rehearing En Banc.

On June 21, 1995, Yu filed a motion for a new trial, pursuant to Rule 33, Fed. R.Crim.P., based on allegedly "newly discovered evidence" concerning a cooperating witness who did not testify at trial. This Court denied the motion on October 25, 1995. *United States v. Yu,* 902 F.Supp. 464 (S.D.N.Y.1995). On July 25, 1996, the Second Circuit affirmed that decision by summary order. *Kwok Ching Yu v. United States,* 101 F.3d 1393 (2d Cir.1996) (Table).

On April 21, 1997, Yu moved to vacate his conviction pursuant to 28 U.S.C. § 2255. Yu's motion raised the following grounds for relief: (1) his dual conviction for conspiracy and participating in a continuing criminal enterprise (CCE) violated the Supreme Court's holding in *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); (2) the Government failed to disclose material ex-

culpatory evidence; (3) the trial court improperly instructed the jury; (4) the prosecution conducted improper cross examination; and (5) prosecutorial misconduct during the trial summation. On April 7, 1998, after submissions by the parties, Yu's conspiracy convictions were vacated in light of *Rutledge,* and the motion was denied in all other respects. An Amended Judgment reflecting the fact that the conspiracy convictions on Counts One and Two had been vacated was issued on January 24, 2000. *See* Docket # 142.

Yu moved again for relief pursuant to 28 U.S.C. §§ 2241(c)(3) and 2255 on October 5, 1999, raising the following claims: (1) the jury charge on the CCE count, Count Three, did not require the jury to agree unanimously on the specific violations making up the "continuing series of violations" and therefore violated the Supreme Court's subsequent decision in *Richardson;* (2) the convictions on the remaining counts must be vacated under *Rutledge* because the jury was improperly instructed to consider all counts of the indictment as lesser-included offenses in finding the continuing series of violations necessary to convict on the CCE charge. The petition was transferred to the Court of Appeals to determine whether the petition met the "gatekeeping" provisions of § 2255. On April 28, 2000, the Second Circuit issued an order barring relief under § 2255 because the successive petition did not raise any claim of newly discovered evidence or turn on a new rule of constitutional law.

Yu thereafter sought permission to pursue his petition under 28 U.S.C. § 2241(c)(3), the other provision under which the petition had been filed. By opinion dated December 15, 2000, Yu's attack on his CCE conviction was to be

ant to a cooperation agreement with the Government.

considered on the merits pursuant to 28 U.S.C. § 2241, but not his petition to vacate the remaining substantive counts of the indictment pursuant to *Rutledge*. *Yu v. United States*, No. 99 Civ. 10272(RWS), 2000 WL 1844763, at *5. (S.D.N.Y. Dec. 15, 2000). The parties were instructed to brief the merits of Yu's CCE claim, including arguments relating to *Richardson* and the factual components of the "series of violations" element. Yu filed his brief on February 15, 2001, and the Government filed its opposition on June 29, 2001, as agreed to by the parties. On September 20, 2001, Yu filed his reply, at which time the motion was deemed fully submitted.

### Discussion

#### I. *Richardson Applies Retroactively*

■ In *Richardson v. United States*, the Supreme Court held that "a jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" 526 U.S. at 815, 119 S.Ct. 1707. Given this holding, a jury considering a CCE charge must be instructed that it was required to agree unanimously upon the specific violations that make up the series of continuing violations that constitute the continuing criminal enterprise.

■ Despite the fact that Yu's trial jury was not so instructed, the Government has argued that Yu's CCE conviction need not be vacated because the Supreme Court's decision in *Richardson*, decided seven years after Yu's conviction, does not apply retroactively. While this question had yet to be resolved in this Circuit at the time the parties in this action submitted their initial memoranda of law, a recent decision by the Court of Appeals makes it clear that *Richardson* does in fact have retroactive effect. In *Santana–Madera v. United States*, 260 F.3d 133 (2d Cir.2001), the Second Circuit held that the rule announced in *Richardson* was a new "substantive" rule of criminal law and therefore was retroactively applicable on collateral review.[2] The Court explained:

> By deciding that the jury had to agree unanimously on each of the offenses comprising the "continuing series" in a CCE count, *Richardson* interpreted a federal criminal statute and, in doing so, changed the elements of the CCE offense. In other words, it altered the meaning of the substantive criminal law.

*Id.* at 139 (*citing Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

Under the rule established in *Santana–Madera*, because *Richardson* established a new substantive rule of criminal law, Yu's challenge to the CCE conviction pursuant

**2.** The Court made clear that the *Richardson* rule does not necessarily apply retroactively in the case of a petitioner's second or successive habeas petition, which would be governed by 28 U.S.C. § 2244(b)(2)(A). That provision mandates that, in the case of successive petitions, only the Supreme Court can give a new rule retroactive applicability. *See Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). As Yu's application is being considered under § 2241, and his prior motion was brought under § 2255, his current petition qualifies as his first habeas

corpus petition for retroactivity purposes. *See Triestman v. United States*, 124 F.3d 361, 373 n. 17 (2d Cir.1997) (finding that if petitioner were to raise his *Bailey* claim in a § 2241 petition, it would be his "first habeas corpus petition" since he had previously filed only § 2255 petitions); *cf. Chambers v. United States*, 106 F.3d 472, 475 (2d Cir.1997) ("Because Sections 2255 and 2241 address different types of claims, filing a Section 2255 motion after filing a Section 2241 motion does not trigger the gatekeeping provisions of Section 2244.").

to *Richardson* is not precluded by the doctrine of retroactivity.

## II. *The Error Was Harmless*

### A. *The Error Was Not Structural*

There is no dispute that the jury instructions issued by this Court on the CCE count did not conform to the requirements established by *Richardson*. Given *Richardson*'s retroactive application, this constituted error. However, before deciding whether the instructions constituted reversible error, it must next be determined whether this court's instructional error "was of sufficient magnitude to justify issuance of the writ without regard to prejudice, or whether it may be subjected to a harmless error review." *Santana–Madera*, 260 F.3d at 139.

While it is well-settled that most constitutional errors can be harmless, some errors are so intrinsically harmful that they require automatic reversal. *See Neder v. United States,* 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). These so-called "structural errors" are defects "affecting the framework within which the trial proceeds," and are to be distinguished from "simply an error in the trial process itself." *Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Structural errors deprive defendants of "basic protections" without which "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ... and no criminal punishment may be regarded as fundamentally fair." *Neder,* 527 U.S. at 8–9, 119 S.Ct. 1827 (*quoting Rose v. Clark,* 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)).

▮ In *Richardson,* the Supreme Court left open the question of whether to engage in harmless error analysis for the charging error that had been identified.

Ten days later, however, the Court made clear that the omission of an element of an offense from a jury instruction is a "trial error" subject to harmless error analysis. *Neder,* 527 U.S. at 8–15, 119 S.Ct. 1827. Since that time, every Court of Appeals that has considered the issue, including the Second Circuit, has held that *Richardson* error is subject to harmless error review. *See Santana–Madera,* 260 F.3d at 139; *United States v. Brown,* 202 F.3d 691, 699 (4th Cir.2000); *Murr v. United States,* 200 F.3d 895, 906 (6th cir.2000); *Lanier v. United States,* 220 F.3d 833, 838–39 (7th Cir.2000); *United States v. Escobar-de Jesus,* 187 F.3d 148, 161–62 (1st Cir.1999).

### B. *The Error Was Harmless Under Both the Brecht Standard and the Chapman Standard*

The applicable harmless error standard for constitutional error differs depending on the procedural posture of the case. *Peck v. United States,* 106 F.3d 450, 454 (2d Cir.1997). On direct review, the applicable standard is whether the error "contribute[d] to the verdict." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In such cases, the reviewing court must be convinced that the error is "harmless beyond a reasonable doubt." *Id.* On collateral review, however, a less stringent standard applies, and a court need only correct a constitutional error if it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (*quoting Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Relief should be granted on collateral review only if the court "is in 'grave doubt as to the harmlessness' of a constitutional error." *Peck,* 106 F.3d at 454 (*quoting O'Neal v. McAninch,* 513 U.S. 432, 445, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)).

■ This Circuit has not definitively established the proper harmless error standard to apply when a constitutional error is being evaluated upon collateral review. *See Santana–Madera*, 260 F.3d at 140 (comparing cases). Although the *Brecht* standard normally applies when a claim is in the form of a collateral attack, there is support for the position that *Brecht* does not apply on collateral review where no court has previously evaluated the harmlessness of the error under the more stringent *Chapman* standard. *See Orndorff v. Lockhart*, 998 F.2d 1426, 1429–30 (8th Cir. 1993), *cert. denied*, 511 U.S. 1060, 114 S.Ct. 1631, 128 L.Ed.2d 354 (1994); *Romero v. United States*, No. 00 Civ. 3513(RPP), 2001 WL 921167, at *5 (S.D.N.Y. Aug. 15, 2001); *Monsanto v. United States*, 143 F.Supp.2d 273, 283 (S.D.N.Y.2001). While noting the merits of the position taken in this recent set of cases, this Court need not decide the issue in this case as the *Richardson* error complained of by Yu was harmless under either standard.

■ It is well-established that a narcotics conspiracy violation may be counted as one of the three violations constituting a continuing series of violations for a CCE conviction. *See, e.g., United States v. Young*, 745 F.2d 733, 748–51 (2d Cir.1984); *United States v. Harris*, 959 F.2d 246, 254 (D.C.Cir.1992), *abrogated on other grounds, United States v. Stewart*, 246 F.3d 728 (D.C.Cir.2001); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991) ("[W]e elect to join the eight other federal circuit courts that have held it permissible to employ a drug conspiracy violation as a predicate offense to a CCE conviction.") (internal citations omitted); *United States v. Rouleau*, 894 F.2d 13, 14 (1st Cir.1990); *United States v. Hernandez–Escarsega*,

886 F.2d 1560, 1571 (9th Cir.1989); *United States v. Ricks*, 882 F.2d 885, 891 (4th Cir.1989); *United States v. Hall*, 843 F.2d 408, 410–11 (10th Cir.1988); *United States v. Fernandez*, 822 F.2d 382, 384 (3d Cir. 1987). *Richardson* did not address this issue, but since that decision, the Courts of Appeals have continued to find that "a related conspiracy may, in fact, be one of the series of predicate drug violations necessary for a CCE conviction." *United States v. Scott*, 218 F.3d 835, 839 (8th Cir.2000), *cert. denied*, 531 U.S. 1000, 121 S.Ct. 500, 148 L.Ed.2d 470 (2000). *See also Santana–Madera*, 260 F.3d at 140–41 (counting conspiracy count among the nine violations agreed to by jury, "any three of which are sufficient to establish the 'continuing series of violations' under *Richardson* and § 848"); *Escobar–de Jesus*, 187 F.3d at 174 n. 24 ("[C]onspiracy count may serve as a predicate offense under CCE statute.").

Here, the jury unanimously convicted Yu of six felony narcotics violations: two conspiracies (importation and distribution), two substantive importation offenses, and two substantive distribution offenses. Each of these violations was explicitly set forth in the CCE count as a portion of the continuing series of violations making up the continuing criminal enterprise and, in light of the authorities listed above, any three of the six could have constituted a continuing series. While Yu is correct in pointing out that the Court cannot know whether the jury, in finding the continuing series of violations, relied on offenses in addition to the six felony narcotics violations it unanimously agreed upon, there can be no doubt that the jury found those six violations to constitute part of the continuing series of violations.[3] The courts

---

**3.** Yu relies on *Griffin v. United States*, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) and *United States v. Foley*, 73 F.3d 484

(2d Cir.1996) for the contention that the CCE conviction must be vacated because the jury did not make clear whether it found the con-

have consistently determined that where a jury has made unanimous findings of a defendant's commission of three or more violations, despite a *Richardson* error in jury instruction, any error was harmless regardless of the theoretical possibility that the jury also considered other violations as to which there is no proof of juror unanimity. *See Escobar-de Jesus*, 187 F.3d at 161 (harmless error where jury separately and unanimously convicted defendant of six to ten predicate offenses alleged to constitute the series); *United States v. Long*, 190 F.3d 471, 476 n. 3 (6th Cir.1999) (harmless error where jury unanimously found defendant guilty of more than three drug violations committed in the course of the ongoing drug conspiracy); *Monsanto*, 143 F.Supp.2d at 291–92 (harmless error under *Chapman* standard where jury unanimously found defendant guilty of two drug violations and would have found defendant guilty of third violation if properly instructed); *Benevento v. United States*, 81 F.Supp.2d 490, 494 (S.D.N.Y.2000) (harmless error where jury unanimously found defendant guilty of two drug conspiracy offenses and necessarily

found him to have participated in at least two uncharged substantive narcotics offenses).

■ Yu argues that his convictions concern only two acts and therefore cannot constitute a continuing series of violations for § 848 purposes. Specifically, he claims that although he was convicted of four substantive narcotics charges and two corresponding conspiracy charges, the conspiracy charges have since been vacated and the remaining substantive counts involved the same heroin on two different occasions. However, the plain language of § 848(a) requires a continuing series of "violations," not a continuing series of discrete criminal acts. Yu was unanimously convicted of six felony violations in addition to the CCE count, precisely the type of proscribed conduct articulated in the statute. While one view of the evidence is that those six violations cover two principal events, Yu was convicted of two overarching conspiracies that tied the four underlying substantive offenses together, leaving no doubt that the jury found the six predi-

tinuing series of violations to consist of the offenses set forth in the indictment or some other set of violations. These cases do not affect the outcome announced here. *Griffin* and its progeny concern convictions for offenses, such as multiple-object conspiracies, where one of the theories of prosecution contained in the indictment is factually unsupported at trial, but the jury returns a general verdict of guilt on the offense. The clear rule announced in *Griffin* is that where at least one legally valid prosecution theory is supported by the evidence at trial, a general verdict is valid even if the jury was instructed that it could convict based on a theory that was factually unsupported at trial. By contrast, *Foley* relied on *Yates v. United States*, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), which held that where a conviction may have been premised on either of two legal theories, one of which is legally insufficient, the conviction may not stand. *Id.* at 312, 77 S.Ct. 1064.

Here, however, Yu's CCE conviction suffers from neither legal nor factual insufficiency. The indictment properly pleaded the CCE offense, including specifications of six felony narcotics violations that constituted the continuing series of violations required under the statute. The only legal error was in not instructing the jury that it had to be unanimous regarding the continuing series of violations. *Richardson* merely clarified the manner in which a jury was to find the elements previously established, and has not contracted the reach of the CCE offense so as to pose any risk that Yu was convicted based on conduct that was not illegal. Further, there can be no claim that the Government failed to offer sufficient proof at trial to satisfy a jury of Yu's guilt beyond a reasonable doubt. As set forth above, the evidence presented to the jury, and unanimously credited by it, clearly established the continuing series of violations required by the CCE statute.

cate violations that constituted the "series" to be "related" within the meaning of § 848. Indeed, even if one were to entertain Yu's reading of the evidence, *Young* and the myriad cases cited above make clear that two substantive narcotics offenses coupled with a related conspiracy offense suffice to establish the continuing series of violations element of CCE.

For purposes of a harmless error analysis in light of *Richardson*, it is of no consequence that this Court subsequently vacated the conspiracy violations pursuant to *Rutledge. See United States v. Miller*, 116 F.3d 641, 678 (2d Cir.1997); *Fisher v. United States*, 6 F.Supp.2d 254, 260 (S.D.N.Y.1998); *see also Escobar-de Jesus*, 187 F.3d at 173 ("Because the only significance of the district court's vacation of the conspiracy conviction is to prevent multiple punishment for a lesser-included offense, we see no reason why the conspiracy conviction (for which, of course, jury unanimity was required) should not be considered in assessing the sufficiency of the evidence on the CCE conviction."). The question raised here is whether the jury made sufficient unanimous findings regarding the components of the continuing series of violations, not whether the conspiracy convictions are still reflected in the judgment. Regardless of the current status of those convictions, there is no dispute that the jury unanimously found that Yu participated in both conspiracies. These violations, coupled with the four substantive convictions, sufficiently demonstrate that, even under the *Chapman* standard of harmless error review, the error in this case was harmless. This Court's failure to instruct the jury that it must agree unanimously about which violations make up the "continuing series" of violations was "harmless beyond a reasonable doubt" and did not, as a practical matter, "contribute to the verdict" because notwithstanding the omission, the jury unanimously found that Yu

was guilty of six drug felony violations that make up the series of violations required by the CCE statute.

### Conclusion

For the foregoing reasons, Yu's petition to vacate his CCE conviction is denied. Because Yu's petition has been considered pursuant to 28 U.S.C. § 2241, the certificate of appealability requirement does not apply. *See Murphy v. United States*, 199 F.3d 599, 601 n. 2 (2d Cir.1999) (certificate of appealability requirement does not apply to federal prisoner bringing petition pursuant to 28 U.S.C. § 2241).

It is so ordered.