IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30940
Summary Calendar
_____

JOSEPH ROUSSELL,

Petitioner-Appellant,

versus

ED C. DAY, JR.,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-3429-K
---------------------
March 5, 2002

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Joseph Roussell, Louisiana prisoner # 119559, was granted a certificate of appealability to appeal the district court's dismissal as time-barred, pursuant to 28 U.S.C. § 2244(d), of his 28 U.S.C. § 2254 petition raising a claim that the reasonable-doubt jury instruction he received was unconstitutional under Cage v. Louisiana, 498 U.S. 39 (1990). He essentially argues that his petition was timely because, pursuant to 28 U.S.C. § 2244(d)(1)(C), the limitations period began to run not from the date his

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction became final but from the date <u>Cage</u> was made retroactive to cases on collateral review.

Roussell can point to no case, Supreme Court or otherwise, which has held <u>Cage</u> retroactively applicable to cases on collateral review, meaning that § 2244(d)(1)(C) is inapplicable. Moreover, even if <u>Cage</u> had been held to be retroactively applicable, under <u>United States v. Lopez</u>, 248 F.3d 427, 431-32 (5th Cir.), <u>cert. denied</u>, 122 S. Ct. 222 (2001), the limitations period began to run not on the date the retroactivity decision issued but on the date the Supreme Court announced the <u>Cage</u> rule. Because, like his conviction, this predated the AEDPA's enactment date, Roussell had at most one year from that date, or until April 24, 1997, to file. <u>See</u> <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199-200 (5th Cir. 1998). His petition, filed in October 2000, at the earliest, was thus untimely, even with the benefit of tolling during the pendency of his relevant state-court pleadings under § 2244(d)(2).

Roussell has not demonstrated that the district court erred in dismissing his petition as time-barred. Accordingly, the district court's judgment is

AFFIRMED.