**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1711

LUIS ENRIQUE OVALLE MARQUEZ,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Luis E. Ovalle-Marquez on brief pro se.
H.S. Garcia, United States Attorney, Susan I. Torres, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

April 6, 2004

**Per Curiam**.    After denying appellant Luis Ovalle-Marquez's 28 U.S.C. § 2255 motion, the district court issued a certificate of appealability (COA) as to the issue whether Apprendi v. New Jersey, 530 U.S. 466 (2000), may be applied retroactively. This court has ruled that Apprendi "prescribes a new rule of criminal procedure" that may not be applied retroactively to cases on collateral review. See Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003).  This defeats the instant appeal.  Contrary to appellant's contentions, Bunkley v. Florida, 538 U.S. 835 (2003)(per curiam), and the additional cases appellant cites do not suggest that Sepulveda was wrongly decided.

We also reject appellant's suggestion that only the Supreme Court may decide the retroactivity question.[1] Sepulveda remains the law in this circuit unless and until the Supreme Court rules otherwise.  Accordingly, the judgment of the district court is affirmed.  See Loc. R. 27(c).

_____

   [1]  See, e.g., Garcia v. United States, 278 F.3d 1210, 1212-13 & n.4 (11th Cir.), cert. denied, 537 U.S. 895 (2002), Ashley v. United States, 266 F.3d 671, 673 (7th Cir. 2001), United States v. Lopez, 248 F.3d 427, 431-32 (5th Cir. 2001), United States v. Sanders, 247 F.3d 139, 146 n.4 (4th Cir. 2001).