United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10989
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD JOSEPH PUMA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-183
USDC No. 2:89-CR-29-2

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In May 1990, Ronald Joseph Puma, now federal prisoner #19431-077, was convicted by jury verdict of one count of conspiracy, one count of conducting a continuing criminal enterprise ("CCE"), two counts of money laundering, six counts of possessing with intent to distribute amphetamine, and four counts of interstate travel in aid of racketeering. He was sentenced to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a total of 360 months' imprisonment and three years' supervised release.  His conviction for conspiracy was subsequently vacated.

Through retained counsel, Puma filed a 28 U.S.C. § 2255 motion alleging that his conviction and sentence for CCE violated his due process rights pursuant to a right which was newly recognized by the Supreme Court in Richardson v. United States, 526 U.S. 813 (1999), and which was made retroactively applicable to cases on collateral review.  Citing to United States v. Lopez, 248 F.3d 427 (5th Cir. 2001), the district court denied Puma's instant motion because it held that his Richardson claim was procedurally barred, he had failed to show actual prejudice in order to overcome that procedural bar, and he had failed to show that the alleged error would result in a complete miscarriage of justice.  The district court, however, granted a certificate of appealability ("COA") as to the following issue:

> Whether United States v. Lopez . . . requires a holding in this case that defendant PUMA procedurally defaulted his Richardson . . . claim.  This Court interpreted Lopez to mandate that the Richardson continuing criminal enterprise claim was procedurally defaulted because such issue was not raised on direct appeal.  Defendant PUMA's direct appeal, however, was initiated in May 1990, was decided in July 1991, and Richardson was not decided until 1999.

This court's review is limited to issues for which a COA has been granted.  See 28 U.S.C. § 2253(c); United States v. Kimler, 150 F.3d 429, 430 (5th Cir. 1998).  This court has held that appellate review of uncertified issues is inappropriate where there is no explicit request to broaden the grant of COA.  Kimler,

150 F.3d at 431 & n.1. In the instant appeal, Puma has failed to address whether the procedural bar is applicable to his <u>Richardson</u> claim, which was the sole issue for which COA was granted. Moreover, Puma has not specifically requested expansion of the grant of COA to encompass the issues contained in his appeal brief. Puma has thus abandoned the only cognizable issue in the instant appeal.

Even if Puma had briefed the issue for which COA was granted, his argument would fail. In <u>Lopez</u>, the movant's conviction became final prior to the issuance of <u>Richardson</u>, but this court nevertheless held that Lopez had procedurally defaulted his <u>Richardson</u> claim by failing to raise it on direct review. 248 F.3d at 429, 433. Accordingly, because the instant case is procedurally identical to <u>Lopez</u>, the procedural bar was applicable to Puma's <u>Richardson</u> claim because he failed to raise that claim on direct review.

Finally, Puma has not shown cause or prejudice sufficient to overcome the procedural bar, nor has he shown a complete miscarriage of justice in the resulting conviction.

The judgment of the district court is **AFFIRMED.**