**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-10116

UNITED STATES of AMERICA,

Plaintiff - Appellee,

VERSUS

THOMAS CHARLES BROWN, aka Big One,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas - Fort Worth Division

September 5, 2002

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

Thomas Charles Brown appeals from the district court's denial of his initial petition for relief under 28 U.S.C. § 2255. Brown argues that his sentence should be vacated because of the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). We hold that the new rule of criminal procedure announced in Apprendi does not apply retroactively on initial collateral review and affirm the district court's dismissal of Brown's habeas petition.

I.

Thomas Charles Brown was charged by indictment on July 29, 1993, with conspiracy to possess with the intent to distribute "1,000 kilograms or more of marihuana" in violation of 21 U.S.C. § 841(a)(1). Brown pleaded "not guilty" and was tried by a jury.

The jury was charged in pertinent part as follows:

In the Indictment, it is alleged that a particular amount of quantity of drugs was involved. The evidence in the case need not establish that the amount or quantity of drugs was as alleged in the indictment, but only that a measurable amount of drugs was in fact the subject of the acts charged in the indictment.

Brown objected to that instruction insofar as the jury was precluded from finding the actual amount of marijuana alleged in the conspiracy. The objection was overruled, and the jury found Brown guilty.

On October 26, 1994, the district court sentenced Brown to 216 months' imprisonment, five years' supervised release, and a $50 special assessment. Brown appealed his conviction and sentence arguing that the district court erred in so charging the jury, because drug quantity constituted an element of the offense which the jury was required to find beyond a reasonable doubt. See United States v. Castillo, 77 F.3d 1480, 1495-96 (5th Cir. 1996). This court held that the jury was properly instructed and affirmed Brown's conviction. Id. at 1496, 1500.

On April 22, 1997, Brown filed a § 2255 motion[1] and after the Supreme Court decided Apprendi in 2000, sought leave to amend to include the argument that his sentence was constitutionally defective under Apprendi based on the erroneous jury instruction. The district court rendered judgment denying Brown leave to amend the § 2255 motion, determining that Apprendi was inapplicable on collateral review pursuant to Teague,[2] and denying all relief requested in Brown's § 2255 motion. The district court nevertheless determined that if Apprendi was held applicable on

_____

[1] Brown's original § 2255 motion alleged that his trial venue was prejudicial and that trial counsel was ineffective. COA was granted only on the Apprendi issue. See United States v. Brown, No. 01-10116 (5th Cir. June 6, 2001) (denying motion to expand the district court's COA grant)(unpublished).

[2] Teague v. Lane, 489 U.S. 288 (1989).

collateral review, Brown's maximum sentence would be capped at five years under § 841(b)(1)(D), and it therefore *sua sponte* granted Brown a certificate of appealability (COA) on the issue whether Teague barred consideration of Apprendi claims in an initial § 2255 motion.[3]

## II.

This court reviews a district court's decision to allow amendment of the pleadings for an abuse of discretion. See, e.g., Halbert v. City of Sherman, 33 F.3d 526, 529 (5th Cir. 1994). The district court's determination that Brown's Apprendi claim was barred from consideration in an initial § 2255 motion is, however, a legal determination which this court reviews de novo. See United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994).

## III.

As a general rule, new constitutional rules of criminal procedure established in a Supreme Court decision are not applied retroactively to cases that become final before that decision is announced. Teague v. Lane, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075 (1989). This rule advances the interest in finality of judgments in the criminal system. In Teague, the Supreme Court articulated two exceptions to this general rule. New rules of criminal procedure may be applied retroactively only if the new rule: (1) places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) is a "watershed" rule without which the likelihood of an accurate conviction is seriously diminished and which "alter[s] our understanding of the bedrock procedural elements" essential to the fairness of a proceeding. Id. at 311-314 (internal

---

[3] The district court's determination at sentencing that Brown was responsible for an excess of 1,000 kilograms of marijuana increased the statutory minimum from five years' imprisonment under § 841(b)(1)(D), to ten years under § 841(b)(1)(A). See United States v. Garcia, 242 F.3d 593, 599 (5th Cir. 2001) ("Without a jury determination of drug quantity, the default sentencing provision for a marijuana conviction is provided by § 841(b)(1)(D).").

3

quotations and citation omitted). Brown does not argue that the first Teague exception applies to the Apprendi issue.

Brown's argument is threefold: (1) Teague is no longer applicable to a timely filed initial § 2255 motion in light of the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); (2) in the event Teague is applicable, it does not bar relief because Apprendi created a substantive, rather than procedural, change in the law; and (3) in the event the Apprendi rule is considered procedural, it meets Teague's exception for "watershed" changes in procedural requirements. We will address each argument in turn.

A.

Brown argues first that the rule of Apprendi should not be analyzed under Teague, because the rules governing habeas jurisdiction created by the Supreme Court in Teague were for the most part displaced when Congress passed the AEDPA and the new language in § 2255 did not adopt the Teague approach. Brown points to language Congress deleted from § 2255 that read: "A motion for such relief may be made at any time." In its place, the following language was added in paragraph 6:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Brown filed his § 2255 motion within one year of the date on which his judgment

4

of conviction became final, under subsection (1) quoted above. In second or successive motions, the application must contain either:

> 1) newly discovered evidence which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b)(3)(C); § 2255 ¶8. Brown argues that unlike the language that applies to applications filed under ¶ 6(3) or second or successive § 2255 petitions under ¶8 barring retroactive application of new rules, there is no similar limitation on applications filed within one-year under ¶ 6(1). Thus, Brown continues, the Teague bar to retroactive application of new rules is inapplicable to him because he is a § 2255 movant who filed within one year of the date his conviction became final. We disagree.

We read nothing in the revised language of § 2255 that legislatively overturns the general rule against retroactive application of new rules or the exceptions set forth in Teague. We read § 2255 and ¶6(1), in particular, as a separate and independent requirement that deals solely with the time limit for filing. The fact that § 2255 contains other provisions which expand the time for filing a timely motion if related to a new right or rule, or contain additional limitations regarding the application of the new rule does not prohibit us from applying the general rule of Teague to timely filed petitions under ¶6(1). See United States v. Mora, 293 F.3d 1213, 1218 (10th Cir. 2002); Goode v. United States, No. 01-1340, 2002 WL 987905, at *2 (6th Cir. May 10, 2002) (unpublished).

B.

Brown argues next that the new rule in Apprendi is substantive, rather than procedural. As Teague only applies to new procedural rules, he concludes that its restrictions do not apply to his

case.[4] This circuit has stated that Apprendi requires courts to treat drug quantities under § 841 as elements of the offense rather than as sentencing factors. United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000); see also Burton v. United States, 237 F.3d 490 (5th Cir. 2000).[5] Brown argues that our decisions in United States v. Lopez, 248 F.3d 427 (5th Cir. 2001), and United States v. McPhail, 112 F.3d 197 (5th Cir. 1997), holding that decisions defining elements of criminal offenses are substantive, dictate a similar result in this case.

In Lopez, we held that the Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999), should be applied retroactively. In Richardson, the Supreme Court held that a jury must be instructed to reach a unanimous verdict on each of the specific violations that comprise the alleged "continuing series of violations" charged in a continuing criminal enterprise under 21 U.S.C. § 848(a). We concluded in Lopez that Teague did not preclude retroactive application of the Supreme Court's interpretation of the criminal statute in Richardson. In McPhail, which we relied on in Lopez, we held that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), should be applied retroactively. Bailey held that in order to convict a defendant charged with using a firearm in relation to a drug trafficking crime under § 924(c)(1), the government must present evidence to show active

---

[4] In his Reply Brief, Brown also argues that Apprendi is not a new rule, either substantive or procedural. This argument does not appear to have been made to the district court. The Memorandum Opinion notes that "It is undisputed that precedent existing when Petitioner's conviction became final did not dictate a ruling in his favor." It also did not appear in his opening brief. This Court will not consider a claim raised for the first time in a reply brief. United States v. Prince, 868 F.2d 1379, 1386 (5th Cir.), *cert. denied,* 493 U.S. 932, 110 S. Ct. 321, 107 L. Ed. 2d 312 (1989).

[5] The decisions in Doggett and Burton were rendered prior to the Supreme Court's decision in United States v. Cotton, ___ U.S. ___, 122 S.Ct. 1781 (2002), and this court's decisions in United States v. Longoria, __ F.3d __ (5th Cir. July 12, 2002, No. 00-50405) (en banc) and United States v. Gonzalez, __ F.3d __ (5th Cir. July 12, 2002, No. 00-50406) (en banc). The landscape of this court's jurisprudence regarding Apprendi was substantially changed by these decisions.

employment of the firearm. This court held that the decision in <u>Bailey</u>, like <u>Richardson</u>, was substantive because it articulated the substantive elements that the government must prove to convict a person charged with a particular crime.

A close reading of the <u>Apprendi</u> decision readily distinguishes it from the cases cited above. First, the Supreme Court described the issue in <u>Apprendi</u> as procedural: "The substantive basis for New Jersey's enhancement is thus not at issue; the adequacy of New Jersey's procedure is." 530 U.S. at 475. In discussing the need for a jury decision on all elements of an offense, it stated that the "'reasonable doubt' requirement 'has a vital role in our *criminal procedure* for cogent reasons.'" <u>Id.</u> at 484 (internal citations omitted, emphasis added.) Second, the opinion focused on the right to have a jury decide whether the sentence should be enhanced, not whether the enhancement was essential to a conviction.

We are persuaded that the decision in <u>Apprendi</u> is more analogous to <u>United States v. Gaudin</u>, 515 U.S. 506 (1995), than to <u>Bailey</u> or <u>Richardson</u>. In <u>Gaudin</u>, the Supreme Court held that "materiality" for purposes of a conviction under 18 U.S.C. § 1001 must be decided by a jury, rather than by a court. <u>Id.</u> at 522-23. The terms of § 1001 prohibit knowingly and willfully making false, fictitious or fraudulent statements or representations in any matter under the jurisdiction of the United States government. In <u>United States v. Shunk</u>, this court considered whether the rule in <u>Gaudin</u> should be applied retroactively to cases on collateral review. 113 F.3d. 31, 37 (5th Cir. 1997). The Shunks argued that <u>Teague</u> did not apply because <u>Gaudin</u> created a substantive criminal rule, rather than a new rule of criminal procedure. <u>Id.</u> at 35. Like Brown and Apprendi, the Shunks argued that, by refusing to submit the materiality of their statements to the jury, the trial court deprived them of their Fifth and Sixth Amendment right to a jury determination of guilt beyond a reasonable doubt on

7

every element of the offense. Id. at 34. We held that Gaudin announced a new rule of criminal procedure, not a new substantive rule. We based our conclusion on language in the Gaudin opinion stating that the rule it created was procedural and also because "Gaudin did not change what the Government must prove; materiality was always an element of a § 1001 offense. Instead, Gaudin changed the party to whom the Government must prove materiality -- from judge to jury." Id. at 35. As noted above, the Court in Apprendi also indicates that it is addressing a procedural issue. Similarly, Apprendi, like Gaudin did not change what the government must prove, only that the jury, rather than the judge must decide the question of drug quantity. Other circuits addressing this issue have held that Apprendi did not create a substantive change in the law. See Curtis v. United States, __ F.3d __, Nos. 01-2826, 01-2827, 2002 WL 1332817, at *3 (7th Cir. June 19, 2002); McCoy v. United States, 266 F.3d 1245, 1257, n.16 (11th Cir. 2001), cert. denied, 122 S. Ct. 2362 (2002); United States v. Sanders, 247 F.3d 139, 147 (4th Cir.), cert. denied, 122 S. Ct. 573 (2001). We follow their lead and hold that Apprendi did not create a substantive change in the law. Therefore, the potential retroactive application of the rule is governed by Teague.

C.

Applying the Teague analysis, all seven circuit courts of appeals that have addressed this issue have held that Apprendi is not retroactive on collateral review of initial § 2255 motions. See Curtis v. United States, __ F.3d __, Nos. 01-2826, 01-2827, 2002 WL 1332817, at *3 (7th Cir. June 19, 2002); Goode v. United States, No. 01-1340, 2002 WL 987905, at *2 (6th Cir. May 10, 2002) (unpublished); United States v. Sanchez-Cervantes, 282 F.3d 664, 667 (9th Cir. 2002); United States v. Aguirre, No. 01-3218, 2002 WL 188972, at *1 (10th Cir. Feb. 7, 2002) (unpublished); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 122 S. Ct. 2362 (2002); United

States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001), cert. denied, 122 S. Ct. 848 (2002); United States v. Sanders, 247 F.3d 139, 151 (4th Cir.), cert. denied, 122 S. Ct. 573 (2001). These courts have reasoned that, although establishing a "new" procedural rule, Apprendi was not a "watershed" rule that improved the accuracy of determining the guilt or innocence of a defendant. Goode, 2002 WL 987905 at *2; Curtis, 2002 WL 1332817 at *3; Sanchez-Cervantes, 282 F.3d at 669-70; McCoy, 266 F.3d at 1257-58; Moss, 252 F.3d at 997-98; Sanders, 247 F.3d at 148. These cases note that the accuracy improved by Apprendi is in the imposition of a proper sentence rather than the determination of guilt or innocence and that Apprendi did not alter our understanding of bedrock elements essential to a fundamentally fair proceeding. See Curtis, 2002 WL 1332817 at *2-3; Goode, 2002 WL 987905 at *5; Sanchez-Cervantes, 282 F.3d at 669-70; McCoy, 266 F.3d at 1257; Moss, 252 F.3d at 998-99; Sanders, 247 F.3d at 149-50.

This conclusion is buttressed by the Supreme Court's decision in United States v. Cotton, ___ U.S. ___, 122 S.Ct. 1781 (2002). In Cotton, the Supreme Court held that a decision about drug quantity made by the judge under a preponderance standard rather than by the jury on a reasonable-doubt standard is not the type of error that undermines the fairness, integrity, or public reputation of judicial proceedings. Id. at 1787. This holding strongly augers against a conclusion that the rights recognized in Apprendi are a "watershed" rule without which the likelihood of an accurate conviction is seriously diminished and which "alter[s] our understanding of the bedrock procedural elements" essential to the fairness of a proceeding. Teague. 489 U.S. at 311-314 (internal quotations and citation omitted). United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002).

## IV.

Based on the foregoing discussion, we conclude that Teague continues to apply to petitions

9

made under 28 U.S.C. § 2255 ¶6(1), and that <u>Apprendi</u> creates a new rule of criminal procedure which is not retroactively applicable to initial petitions under § 2255. Accordingly, the district court's dismissal of Brown's habeas petition is

AFFIRMED.