IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50429
Summary Calendar
_____

ROBERT PEREZ,

Petitioner-Appellant,

versus

R.D. MILES, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(A-01-CB-446)
--------------------
October 28, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Robert Perez, federal prisoner # 59975-080, appeals the dismissal without prejudice of his § 28 U.S.C. § 2241 petition. Perez contends that the district court erred in accepting the magistrate judge's report and recommendation, which — according to Perez — erroneously stated that he had been charged with and found guilty of a cocaine offense. Perez also contends that he was sentenced in excess of the statutory maximum,, and that he is "barred" from bringing a successive 28 U.S.C. § 2255

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion.  We review the district court's findings of fact for clear error and its determinations of law de novo.  See Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

The district court, after de novo review of the magistrate judge's report and memorandum, issued its own order, which correctly stated the offense of conviction.  The district court also stated correctly that Perez did not meet the requirements of 28 U.S.C. § 2255's savings clause.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Perez's contention that he was sentenced above the statutory maximum involves errors alleged to have occurred at or before sentencing, so this issue is not properly raised in a 28 U.S.C. § 2241 petition.  Perez has not shown that (1) his claims are based on a retroactively applicable Supreme Court decision establishing that the petitioner may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Although Perez does not cite Apprendi v. New Jersey, 530 U.S. 466 (2000), he argues in his brief, as he did in the district court, that he should not have been sentenced except as charged in the indictment.  Even if we construe this argument as invoking the holding of Apprendi, it is to unavailing, given our recent holding that Apprendi does not apply retroactively.  See United States v.

2

<u>Brown</u>, No. 01-10116, 2002 WL 2027346, **4-6 (5th Cir. Sept. 5, 2002).

Perez raises additional arguments for the first time in his reply brief; however, an appellant abandons all issues not raised and argued in the initial brief on appeal.  <u>See</u> <u>Cinel v. Connick</u>, 15 F.3d 1338, 1345 (5th Cir. 1994).  The district court's judgment is, in all respects,

AFFIRMED.

S:\OPINIONS\UNPUB\02\02-50429.0.wpd
4/29/04  10:49 am