IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-40594
Summary Calendar

———————————

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

　　　　　　　　versus

HERBERT EDWARD JAMES,

　　　　Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:92-CR-163-1

———————————

November 6, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Herbert Edward James appeals from the sentence imposed by the district court after we granted his 28 U.S.C. § 2255 petition, vacated his sentence, and remanded for resentencing.[1] James first argues that his conviction and sentence are invalid because the verdict returned by the jury was based on a redacted indictment

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See United States v. James*, No. 99-41476 (5th Cir. Jan. 29, 2001).

different from the first superseding indictment returned by the grand jury. The redacted indictment used by the jury differed from the first superseding indictment in that it omitted counts 2 and 5,[2] which the government had dismissed, and renumbered the remaining counts.

In 1993, James was convicted for various drug related offenses and for being a felon in possession of a firearm. We previously upheld James's conviction on direct appeal in *United States v. Washington*.[3] Thereafter, we granted James a certificate of appealability and granted relief under 28 U.S.C. § 2255, holding that James had shown that his trial counsel rendered ineffective assistance by failing to challenge the indictment because two counts alleging that James had used or carried a firearm during and in relation to a drug trafficking crime were tied to the same drug conspiracy.[4] On this basis, we vacated James's conviction on one of the counts and remanded for resentencing.[5]

The issue that James raises concerning a difference between

---

[2] Count 2 alleged that on May 6, 1992, James possessed with intent to distribute a mixture or substance which contained a detectable amount of cocaine base. Count 5 alleged that a co-defendant, Leonard Provost, possessed with intent to distribute five grams or more of a mixture or substance containing cocaine base on November 4, 1992.

[3] 44 F.3d 1271 (5th Cir. 1995).

[4] *James*, No. 99-41476.

[5] *Id.*

the first superseding indictment and the redacted indictment is outside the scope of this court's mandate in the remand order, and therefore was not properly before the district court at resentencing.[6]  Furthermore, even were the issue properly before the district court, that court did not err in overruling James's objection to his presentence report.  First, although James urges that the renumbering of the indictment produced a fatal variance between the jury verdict and the superseding indictment returned by the grand jury, he misapprehends the concept of a legal variance. "To prevail on a material variance claim, a defendant must prove (1) a variance between the indictment and the proof at trial, and (2) that the variance affected the defendant's substantial rights."[7]  Here, Appellant is not alleging a variance in the legal sense, that is, he is not asserting a variance between the charges in the indictment and the evidence proffered by the government at trial.  Rather, James is utilizing the term "variance" in its more literal sense: He claims that the verdict varied from the first superseding indictment because, for example, the jury's guilty verdict as to count 2 of the redacted indictment actually translated to the jury having found James guilty as to count 3 of the first superseding indictment.  Thus, James's objection is more accurately characterized as alleging an unlawful amendment to the

---

[6] *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998).

[7] *United States v. Herrera*, 289 F.3d 311, 318 (5th Cir. 2002).

indictment, rather than a variance.

James's argument that the renumbering constituted an impermissible amendment to the indictment is unavailing. All due process requires is "that an indictment afford a defendant notice of the charges so that the defendant can prepare an adequate defense."[8] The defendant cannot show that the redacted indictment failed to afford him notice of the charges against which he had to defend, because the only changes wrought by the redaction were a deletion of two dismissed counts and a concomitant renumbering of the charges. Thus, no substantive amendment to the indictment was made, and James's constitutional rights were not violated.[9]

James also argues that his sentence based on his drug

---

[8] *United States v. Alvarez-Moreno*, 874 F.3d 1402 (5th Cir. 1989).

[9] *Id.* ("'[I]f a defendant has actual notice of the charges, due process may be satisfied despite an inadequate indictment.'"); *cf. United States v. Zvi*, 168 F.3d 49, 60 (2d Cir. 1999) (finding that redaction of indictment did not constitute a constructive amendment of the indictment); *United States v. Adkinson*, 135 F.3d 1363, 1376-77 (11th Cir. 1998) ("A redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains.... An indictment may not, however, be so severely redacted that any of the elements of the offense are expunged."); *United States v. Difronzo*, 26 F.3d 133 (9th Cir. 1994) (Table) ("DiFronzo contends that the district court erred when it redacted Count 1.... [W]e reject[] the argument that a redacted indictment is an impermissible amendment.").

convictions[10] violates *Apprendi v. New Jersey*,[11] because the district court did not instruct the jury to find a drug quantity as an element of the offenses.  This issue, too, is beyond the scope of our remand order.[12]  Moreover, James admits that the procedural posture of this case is in the nature of collateral review, and we have held that *Apprendi* is not retroactively available to cases on collateral review in § 2255 proceedings.[13]

AFFIRMED.

---

[10]  These constitute counts 1 though 6 of the redacted indictment and counts 1, 3, 4, 6, 7, and 8 of the first superseding indictment.

[11] 530 U.S. 466 (2000).

[12] *Marmolejo*, 139 F.3d at 531.

[13] *United States v. Brown*, 305 F.3d 304, 310 (5th Cir. 2002).