IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30288
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GORDON JACKSON,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-3503-A
USDC No. 97-CR-141-9-A
- - - - - - - - - - -
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Gordon Jackson, federal prisoner #25623-034, appeals the

district court's denial of his 28 U.S.C. § 2255 motion

challenging his conviction for conspiracy to possess with the

intent to distribute cocaine hydrochloride, in violation of 21

U.S.C. §§ 841(a)(1) and 846.  Relying on Apprendi v. New Jersey,

530 U.S. 466 (2000), and Jones v. United States, 526 U.S. 227

(1999), he argues that the district court was without

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jurisdiction to impose an enhanced sentence based on drug quantity when drug quantity was not alleged in the indictment or submitted to the jury as an element of the offense.

In United States v. Brown, 305 F.3d 304, 305-09 (5th Cir. 2002), a 28 U.S.C. § 2255 case, the court determined that the new rule of criminal procedure announced in Apprendi does not apply retroactively on collateral review of initial 28 U.S.C. § 2255 motions.  Therefore, Jackson's argument based on Apprendi fails.

Jones was decided before this court affirmed Jackson's conviction and sentence.  The nonretroactivity rule announced in Brown is therefore inapplicable to Jackson's claims under Jones. However, because Jackson has not shown cause and prejudice for not raising this claim on direct appeal, he is not entitled to § 2255 relief on the basis of Jones.  United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).  Nor can he prevail on his claim that the district court was without jurisdiction to sentence him on the basis of facts not alleged in the indictment. United States v. Cotton, 122 S. Ct. 1781, 1785 (2002).

The district court's denial of Jackson's 28 U.S.C. § 2255 motion is AFFIRMED.

Jackson's motion for leave to file an out-of-time reply brief is DENIED.