IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50543
Conference Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAY OWEN BERGMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CR-281-ALL-EP
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Clay Owen Bergman appeals the district court's dismissal of his 28 U.S.C. § 2255 motion wherein he challenged his 1998 conviction for manufacturing in excess of 100 marijuana plants. Bergman's motion for en banc consideration of his appeal is DENIED.

Bergman argues that the reasoning of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), requires that a jury determine beyond a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt that he was responsible for manufacturing over 100 plants because such fact triggered the statutory minimum of 21 U.S.C. § 841(b)(1)(B)(vii), thus resulting in his five-year sentence.  He argues that <u>Apprendi</u> is "equally applicable to a situation in which the existence of a fact invokes a mandatory minimum sentence, as it is to situations in which the existence of a fact increases the range of sentence available."  We review the district court's factual findings for clear error and its conclusions of law <u>de</u> <u>novo</u>.  See <u>United States v. Faubion</u>, 19 F.3d 226, 228 (5th Cir. 1994).

The district court did not err by denying Bergman's 28 U.S.C. § 2255 motion.  First, factors that trigger application of mandatory minimum sentencing ranges do not have to be proved to a jury beyond a reasonable doubt.  See <u>Harris v. United States</u>, 122 S. Ct. 2406, 2420 (2002).  Second, this court has recently held that <u>Apprendi</u> is not retroactively applicable to initial petitions under 28 U.S.C. § 2255.  <u>United States v. Brown</u>, 305 F.3d 304, 310 (5th Cir. 2002).  Accordingly, the judgment dismissing the 28 U.S.C. § 2255 motion is AFFIRMED.

AFFIRMED; MOTION DENIED.