IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60719
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELLOUS LAND, also known as Cellous,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:93-CR-134-7-S
USDC No. 4:00-CV-189-S
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marcellous Land, federal prisoner # 01727-112 ("Land"),
appeals the district court's denial of his motion to vacate, set
aside, or correct sentence pursuant to 28 U.S.C. § 2255. Land's
motion stemmed from his 1994 guilty-plea conviction and sentence
for conspiracy to distribute crack cocaine. The district court
denied the motion as time-barred and granted Land a certificate
of appealability on the issue whether Apprendi v. New Jersey, 530

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S. 466 (2000), applies retroactively such that the limitations period should run from the date <u>Apprendi</u> was decided rather than the date the judgment of conviction became final.

This court has recently held that <u>Apprendi</u> is not retroactively applicable to initial motions under 28 U.S.C. § 2255. <u>United States v. Brown</u>, 305 F.3d 304, 310 (5th Cir. 2002). <u>Apprendi</u> does not entitle Land to a different limitations-triggering date, thus, the district court correctly denied Land's motion as time-barred.

AFFIRMED.