IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51201
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

APOLONIO PASTRANO, also
known as Polo,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-380
SA-93-CR-184-2
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Apolonio Pastrano, federal prisoner # 65249-080, is
appealing the district court's denial of his 28 U.S.C. § 2255
motion challenging his conviction for conspiracy to possess with
intent to distribute marijuana.  Relying on Apprendi v. New
Jersey, 530 U.S. 466 (2000), he argues that his conviction should
be set aside because the quantity of drugs upon which he was

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentenced was not alleged in the indictment and was not submitted to the jury and proved beyond a reasonable doubt.

In <u>United States v. Brown</u>, 305 F.3d 304, 305-09 (5th Cir. 2002), a 28 U.S.C. § 2255 case, the court determined that the new rule of criminal procedure announced in <u>Apprendi</u> does not apply retroactively on collateral review of initial 28 U.S.C. § 2255 motions.  Therefore, Pastrano's argument based on <u>Apprendi</u> fails. The district court's denial of Pastrano's 28 U.S.C. § 2255 motion is AFFIRMED.

The Government's motion for a summary affirmance is DENIED.