IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40915
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STAFFORD DEWAYNE PATTERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 3:00-CV-56
3:97-CR-4-13
--------------------
January 22, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Stafford Dewayne Patterson, federal prisoner #06408-078, has filed a motion and brief to expand the district court's grant of a certificate of appealability (COA) to include the claims that the district court constructively amended his indictment by instructing the jury that it was to determine the amount of drugs involved in his offense, which he contends violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and that counsel was ineffective

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for depriving him of his right to testify. He also challenges the district court's denial of his 28 U.S.C. § 2255 claim that his indictment, conviction, and sentence were in violation of Apprendi. The district court granted COA on the issue whether Apprendi applies retroactively to cases on collateral review.

We herein address all of Patterson's claims as opposed to first determining whether to expand the grant of COA and then subsequently addressing Patterson's appeal on the issue for which COA was granted by the district court. See United States v. Kimler, 150 F.3d 429 (5th Cir. 1998); United States v. Kimler, 167 F.3d 889 (5th Cir. 1999).

To obtain a COA, Patterson must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Patterson's conclusory assertion that his testimony would have resulted in an acquittal had he been allowed to testify is insufficient to demonstrate ineffective assistance. See Sayre v. Anderson, 238 F.3d 631, 634 (5th Cir. 2001). Because Apprendi is not retroactively applicable, see United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002), Patterson's constructive-amendment claim likewise fails. Accordingly, Patterson's motion to expand COA is DENIED.

Because Apprendi does not apply to cases on collateral review, the district court's denial of Patterson's claim that his indictment, conviction, and sentence violated Apprendi is AFFIRMED. See id.

AFFIRMED; MOTION TO EXPAND COA DENIED.