IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20738
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL WAYNE ADAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV-1283)
(H-94-CR-121-1)
--------------------
March 14, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Darrell Wayne Adams, federal prisoner #
66135-079, has filed a motion to expand the district court's grant
of a certificate of appealability (COA) to include claims that his
counsel rendered ineffective assistance and that the prosecution
engaged in misconduct.  The district court granted COA on the issue
whether application of the rule of Apprendi v. New Jersey, 530 U.S.
466 (2000), to cases on initial collateral review was barred by
Teague v. Lane, 489 U.S. 288 (1989).  We address below all of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Adams's claims, rather than first determining whether to expand the grant of COA and then addressing Adams's appeal of the issue for which COA was granted by the district court.  See United States v. Kimler, 150 F.3d 429 (5th Cir. 1998); United States v. Kimler, 167 F.3d 889 (5th Cir. 1999).

To obtain a COA, Adams must make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2). Adams first contends that the government engaged in misconduct by instructing its witness, Bosia Cash, to testify falsely.  To obtain relief, Adams must show that (1) the testimony offered by the government was actually false, (2) the government knew it was false, and (3) the testimony was material.  See Faulder v. Johnson, 81 F.3d 515, 519 (5th Cir. 1996).  Adams has failed to challenge the district court's determination that Cash's alleged falsehoods either were not material or that his trial testimony was not in conflict with his affidavit.  Adams has therefore waived these issues.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  As such, he has failed to show entitlement to relief on his claim that the government engaged in misconduct with respect to Cash's testimony.

As Adams has also failed to show that Cash's testimony was proscribed by FED. R. EVID. 404(b), he has failed to show that his trial counsel was ineffective.  Counsel is not ineffective for failing to raise meritless objections.  See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

We will not consider Adams's claim of prosecutorial misconduct with respect to witness Kimela Lomax, because we considered that issue in Adams's direct appeal.  See United States v. Johnston, 127 F.3d 380, 392-93 (5th Cir. 1997).  Issues determined on direct appeal need not be reconsidered in a 28 U.S.C. § 2255 motion.  See Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978).

With respect to his contention that his trial counsel was ineffective for failing to make timely objections during Lomax's testimony, Adams has failed to make a substantial showing of prejudice.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).  Adams has also failed to make an adequate showing that prejudice resulted from counsel's failure to object to the playing of an unredacted tape that revealed his criminal history.  Neither has Adams shown that any of counsel's alleged deficiencies with respect to a motion in limine rise to the level of a constitutional violation.

We will not consider Adams's claims of prosecutorial misconduct and ineffective assistance with respect to the testimony of Roosevelt Gatterson, because Adams has failed to provide citations to the relevant portions of the record.  The appellant's argument must contain "his contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  FED. R. APP. P. 28(a)(9)(A); United States v. Tomblin, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995).

Adams's allegations regarding his trial counsel's manipulation to obtain a pair of tennis shoes, his general disinterest in trial proceedings, and his pursuit of an under-the-table fee, even if true, are insufficient to establish either deficient performance or prejudice, which are required to show a constitutional violation. See Strickland, 466 U.S. at 697. Neither has Adams shown that counsel was ineffective for failing to hire an investigator. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

Finally, because Adams has failed to show any instances of deficient performance that were prejudicial to his defense, he cannot show prejudicial cumulative error. See Westley v. Johnson, 83 F.3d 714, 726 (5th Cir. 1996). Accordingly, Adams's motion to expand COA is DENIED.

We now turn to the issue on which COA was granted by the district court. This court has definitively held that Apprendi is not retroactively applicable to cases on initial collateral review. See United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002). Thus, Adams's Apprendi-based claim fails.

The district court's denial of Adams's 28 U.S.C. § 2255 motion is AFFIRMED.

AFFIRMED; MOTION TO EXPAND COA DENIED.

S:\OPINIONS\UNPUB\01\01-20738.0.wpd
4/29/04  3:18 pm

4