United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50279
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC TERRANCE JONES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-96-CR-111-1; W-00-CV-103)

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a certificate of appealability granted by our court, Cedric T. Jones, federal prisoner # 79464-077, appeals, *pro se*, the denial of his 28 U.S.C. § 2255 motion challenging his conviction for conspiring to possess crack cocaine with intent to distribute. (His motion to file an amended opening brief is **GRANTED**.)

Relying on **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Jones v. United States**, 526 U.S. 227 (1999), Jones maintains the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court could not impose an enhanced sentence based on drug quantity when it was neither alleged in the indictment nor submitted to the jury as an element of the offense.  This legal issue is reviewed *de novo*.  *E.g.* **United States v. Faubion**, 19 F.3d 226, 228 (5th Cir. 1994).

**United States v. Brown**, 305 F.3d 304, 305-09 (5th Cir. 2002), held that the new rule of criminal procedure announced in **Apprendi** does not apply retroactively on collateral review.  Therefore, Jones's claim based on **Apprendi** fails.

**Jones** was decided while Jones's appeal was pending.  The nonretroactivity rule announced in **Brown** is therefore inapplicable. *See* **Griffith v. Kentucky,** 479 U.S. 314, 327-28 (1987).  In any event, Jones is not entitled to relief under **Jones**.  It involved a question of statutory construction of the federal carjacking statute, rather than a new principle of constitutional law, and is therefore inapplicable.  *See* **Jones**, 526 U.S. at 251 n.11.

### *MOTION TO FILE AMENDED BRIEF GRANTED; AFFIRMED*