**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-51003
Conference Calendar

———————————————

TERRELL RAY BARNES,

                                        Petitioner-Appellant,

versus

W. SISNEROS, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-509-JN
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

      Terrell Ray Barnes, federal prisoner # 72543-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Barnes is currently serving a 240-month sentence for conspiracy to possess with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2. Barnes argues that the district court erred in determining that

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had not shown that 28 U.S.C. § 2255 did not provide an "inadequate" and "ineffective" postconviction remedy.

Barnes has failed to show that he is entitled to proceed under the "savings clause" of 28 U.S.C. § 2255. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (to proceed under "savings clause," a petitioner must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion). Barnes relies on inapposite case law and cannot demonstrate that he was convicted of a "non-existent" offense. This court has rejected Barnes's argument that Apprendi v. New Jersey, 530 U.S. 466 (2000), applies retroactively to cases on collateral review under Teague v. Lane, 489 U.S. 288 (1989). See United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002), petition for cert. filed, (U.S. Feb. 3, 2003)(No. 02-9606). Accordingly, the judgment of the district court is AFFIRMED.