United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30929
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARIK MCMASTERS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-52-L
USDC No. 98-CR-127-ALL-L
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tarik McMasters, federal prisoner # 26040-034, was granted a certificate of appealability ("COA") by the district court as to whether the Supreme Court's ruling in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), is retroactively applicable on collateral review. This court has since answered that question in the negative. <u>See</u> <u>United States v. Brown</u>, 305 F.3d 304, 310 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2002), cert. denied, 2003 U.S. LEXIS 3377 (U.S. Apr. 28, 2003) (No. 02-9606).

On appeal, McMasters also maintains that although Apprendi was decided after his conviction became final, Jones v. United States, 526 U.S. 227 (1999), which foreshadowed the rule of Apprendi, was decided before his conviction became final, negating the need for retroactive application. He also requests expansion of his COA to include whether his counsel was ineffective for failing to perfect his direct appeal.

McMasters' Jones argument is not cognizable because a COA was granted only on the Apprendi question, not on Jones, and McMasters does not ask this court to grant a COA on the applicability of Jones. See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998).

McMasters' request for expansion of his COA may be granted only if he makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000). While McMasters claims that his counsel was ineffective for failing to file a notice of appeal on his behalf, McMasters does not allege that he asked his counsel to appeal or that his counsel failed to consult with him regarding an appeal. Accordingly, he has failed to make a substantial showing that his counsel rendered ineffective assistance by failing to file a notice of appeal on his behalf. See Roe v. Flores-Ortega, 528 U.S. 470, 477-80 (2000).

MOTION FOR EXPANSION OF COA DENIED; AFFIRMED.