United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-31080
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY WASHINGTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-50036-3

_____

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Johnny Washington, federal prisoner #09941-035, appeals the denial of his motion for leave to file a motion pursuant to Fed. R. Crim. P. 35, 12 (b), and 52(b) in order to challenge his conviction and sentence for drug violations. The rules cited by Washington as the basis for his motion did not vest the district court with jurisdiction. Because the district court was without jurisdiction

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to entertain Washington's motion, Washington has appealed from the denial of a "meaningless, unauthorized motion." *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Accordingly, the denial of Washington's motion is affirmed on this basis. *See id.*[1]

AFFIRMED.

---

[1]Though not raised on appeal, we note in passing that reversal here may not be predicated on the district court's failure to *sua sponte* treat any of Washington's motions as being filed under 28 U.S.C. § 2255 (though none purported to be so filed and Washington never requested any of these be so considered). Washington failed to appeal following the district court's modified judgment of September 21, 2000 (which, pursuant to our mandate on Washington's initial appeal, *United States v. Reliford*, 210 F.3d 285, 301-04, 309 (5th Cir. April 14, 2000), eliminated his attempt conviction and reimposed his conviction and original 248 month sentence on the other counts of conviction). Washington's first motion was not filed until January 11, 2002, more than a year after his conviction and sentence had become final, hence any of the motions if treated as being under § 2255 would be barred by the one year limitations period provided for in § 2255. Moreover, a certificate of appealability, which 28 U.S.C. § 2253(c)(1)(B) requires to appeal a denial of relief under § 2255 was never issued. Finally, we also note that to the extent that Washington relies on *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), and the asserted failure of the indictment to allege or the jury to find the quantity of cocaine involved, even if denial of § 2255 relief were properly before us, and even if *Apprendi* were potentially applicable to such a § 2255 challenge, *cf*. *United States v. Brown*, 305 F.3d 304 (5th Cir. 2002), it is plain that *Apprendi* was not violated because Washington's 248 month sentence did not exceed the 360 month statutory maximum, applicable to those such as Washington with a prior felony drug conviction, provided for by 21 U.S.C. § 841(b)(1)(C) in respect to offenses involving any amount of cocaine base or cocaine powder, Washington having been charged with and convicted by the jury of such an offense. *United States v. Keith*, 230 F.3d 784 (5th Cir. 2000).

2