United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51364
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ALONSO CHAVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CV-025-DB &
EP-98-CR-1438-1-DB
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Alonso Chavez, federal inmate #91099-080, was convicted by a jury of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine and was sentenced to concurrent sentences of 324 months' imprisonment and five years' supervised release. Chavez appeals the district court's dismissal of his 28 U.S.C. § 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court granted Chavez a certificate of appealability ("COA") because this court had not yet decided whether Apprendi v. New Jersey, 530 U.S. 466 (2000), applied retroactively to an initial 28 U.S.C. § 2255 motion. In United States v. Brown, 305 F.3d 304 (5th Cir. 2002), cert. denied, 123 S. Ct. 1919 (2003), we held that Apprendi does not apply retroactively to cases on initial collateral review. Chavez's position is foreclosed by Brown.

We do not reach the other issues raised by Chavez because he has not expressly sought to expand the COA grant to include these issues. United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). Accordingly, the judgment of the district court is AFFIRMED.