United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10560
Summary Calendar

_____

MELVIN TRAYLOR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-422-R
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Melvin Traylor, federal prisoner # 29612-077, appeals the district court's denial of his petition invoking 28 U.S.C. § 2241. Because Traylor's 28 U.S.C. § 2241 petition challenged the legality of his sentence, Traylor had to show that 28 U.S.C. § 2255 provided him with an inadequate or ineffective remedy. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). "[T]he savings clause of [28

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C.] § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Traylor argues that his sentence for his drug-conspiracy conviction is invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000). Contrary to Traylor's assertion, Apprendi is not retroactively applicable to cases on collateral review. See United States v. Brown, 305 F.3d 304, 310 (5th Cir. 2002), cert. denied, 123 S. Ct. 1919 (2003). Even if it were, it does not establish that Traylor was convicted of a nonexistent offense. Reyes-Requena, 243 F.3d at 904. Accordingly, Traylor fails to qualify for relief under 28 U.S.C. § 2255's savings clause provisions. The district court's dismissal of Traylor's 28 U.S.C. § 2241 petition is therefore AFFIRMED.