United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40383
Conference Calendar

_____

GAYLON DON BALL,

                                        Petitioner-Appellant,

versus

N. L. CONNER, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-293
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

   Gaylon Don Ball, federal prisoner #17290-009, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition in

which he challenged his convictions for conspiracy to manufacture

amphetamine and attempting to manufacture amphetamine.  Ball

argues that he is entitled to relief under Apprendi v. New

Jersey, 530 U.S. 466 (2000), and that his counsel was ineffective

for failure to object to his lengthy sentence.  Ball further

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that the "rule of lenity" should have been applied to determine the appropriate sentencing range.

This court has held that <u>Apprendi</u> does not apply retroactively to cases on collateral review and that an <u>Apprendi</u> claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the "savings clause" of 28 U.S.C. § 2255. *See* <u>Wesson v. U.S. Penitentiary Beaumont, TX</u>, 305 F.3d 343, 347–48 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1374 (2003); <u>United States v. Brown</u>, 305 F.3d 304, 309 (5th Cir. 2002). Additionally, Ball's claim of ineffective assistance of counsel fails to satisfy the requirements of the savings clause. The claim is not based on a retroactively applicable Supreme Court decision which establishes Ball's innocence. Furthermore, the claim could have been raised on direct appeal or in Ball's first § 2255 motion. *See* <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). Ball's "rule of lenity" argument is raised for the first time on appeal and consequently is unreviewable. *See* <u>United States v. Pardue</u>, 36 F.3d 429, 431 (5th Cir. 1994).

Based on the foregoing, the district court's dismissal of Ball's 28 U.S.C. § 2241 petition is AFFIRMED.