United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40762
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELISANDRO VARGAS,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:01-CV-184
USDC No. 5:99-CR-505-1
---------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Elisandro Vargas, federal prisoner # 06615-018, appeals from
the denial of his 28 U.S.C. § 2255 motion challenging his
conviction for possession with intent to distribute marijuana.
The district court granted a certificate of appealability (COA)
on the issue whether Apprendi v. New Jersey, 530 U.S. 466 (2000),
was retroactively applicable to initial § 2255 motions.

    During the pendency of Vargas's § 2255 appeal, we rendered
United States v. Brown, 305 F.3d 304, 305 (5th Cir. 2002), which

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held that Apprendi did not apply retroactively on initial collateral review, thereby foreclosing the issue on which a COA was granted. Vargas argues, however, that because Apprendi was decided during the pendency of his direct appeal, its new procedural rule is retroactively applicable to his case. Vargas, however, did not raise an Apprendi-type issue on direct appeal. Cf. Griffith v. Kentucky, 479 U.S. 314, 328 (1987). Instead, he raised an Apprendi issue for the first time in his initial § 2255 motion and, as such, is not entitled to relief. See Brown, 305 F.3d at 305.

In his supplemental brief, Vargas argues pursuant to Blakely v. Washington, 542 U.S. 296 (2004), that he was illegally sentenced beyond the statutory maximum. Although the Supreme Court held Blakely applicable to the Sentencing Guidelines in United States v. Booker, 543 U.S. 220, 232-33 (2005), we have recently held that Booker--like Apprendi--is not retroactively applicable to initial § 2255 motions. United States v. Gentry, 432 F.3d 600, 604 (5th Cir. 2005).

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED.